THE STATE v. JOSEPH RUSSELL AND OTHERS.

Where the defendants in a *scire facias* answered to the merits, and also filed a motion to quash the writs, because the bond alleged to be forfeited was not taken by any officer authorized to take such bond; on the trial of the case, although the motion has neither been acted upon, nor is then formally presented by itself, if the plaintiff introduce testimony to prove the circumstances under which the bond was executed, it is not error to permit the defendants to prove, in support of the grounds of the motion, that the officer taking it, had no authority to do so.

After the taking of a bail-bond by a magistrate, and the adjournment of his court, he has no authority to take another.

After the adjournment of the magistrate's court, and before indictment found, on the surrender of the party on bail for a criminal offence, the sheriff alone can take a bond for his appearance.

APPEAL from Burnet. Tried below before the Hon. Edward H. Vontress.

The bond in this case, was executed by Joseph Russell as principal, and Alexander Russell and Willis Russell as securities, in the sum of $250, conditioned for the appearance of Joseph Russell before the District Court, to answer a charge of assault and battery. The bond did not show, on its face, or by any endorsement thereon, before whom it was taken.

The answer of the defendants alleged a compliance with its conditions. The other facts appear from the opinion.

*Attorney-General*, for the appellant.—The court below, of its own motion, decided against the appellant, upon a point which should have been set up in the defendant's answer.

33

Upon the trial, the justice before whom the bond was taken, stated that he had taken another bond, previous to the one forfeited in this cause, from the principal defendant below; but that his sureties becoming dissatisfied, he released them, and received the present bond. It is true, that no one but the sheriff could have received and approved this bond, during the vacation of the District Court; but the first bond not having been sent up to the District Court, by the justice before whom the present one was taken, the fact should have been alleged in the answer. It was the only way of reaching it. The ground of objection not appearing of record, the action of the court was erroneous, and judgment should have been given for the State.

*Hancock & West*, for the appellees.

BELL, J.—This was a suit by *scire facias* upon a forfeited bond. At the Spring Term, 1857, of the District Court, there was an order of the court, forfeiting the bond, and commanding writs of *scire facias* to issue to the parties. These orders appeared on the judge's docket, but were not carried into the minutes of the proceedings of the court. At the Fall Term, 1857, the district attorney moved that the judgment *nisi* be formally entered as of the previous term; and this was done. Writs of *scire facias* then issued, in which all the facts were recited, and these writs were served on the sureties in the bond.

The defendants demurred to the writs of *scire facias*, answered to the merits, and also moved the court to quash the writs, because the bond upon which the judgment *nisi* was rendered, did not appear to have been taken by any officer authorized by law to take such a bond. The demurrer of the defendants was overruled. No formal action appears to have been taken on the motion to quash the writs. The case was submitted to the judge.

The district attorney called the magistrate who held the examining court, and by whom the bond had been taken, to identify the bond as the same taken by him upon the examination of the principal obligor upon a criminal accusation. The magis-

trate identified the bond, and stated further, upon examination by the defendants, that he had, after the examination of the principal obligor, upon the criminal charge, taken another bond, with one McKee and others, as sureties; that his examining court adjourned about the fifth day of the month; and that, some days thereafter, the securities on the first bond became dissatisfied, and the principal obligor came to him and proposed to give another bond, whereupon the bond before the court was executed, received by the magistrate, and returned to the District Court; the bond first taken having been destroyed or cancelled. To this statement of the magistrate, the district attorney objected, and took a bill of exceptions. The court received the statement of the magistrate, and gave judgment, that the judgment *nisi* previously rendered, be set aside, and that the bond be quashed.

We think there was no error in the proceedings, for which the judgment can be reversed. Doubtless, if the motion to quash the writs had been separately heard by the court, the same facts as to the circumstances under which the bond was executed, would have been made to appear. The district attorney felt it to be necessary to examine the magistrate by whom the bond had been taken, in order to explain the circumstances under which the bond was executed; and we do not think the court erred in permitting the defendants to elicit from the magistrate other facts than those inquired about by the district attorney, by which the invalidity of the bond would be shown. After the adjournment of his examining court, the magistrate had no authority of law, for taking the bond. The sheriff was the only officer who could take a bond, under such circumstances. The judgment of the court below is affirmed.

Judgment affirmed.