## A. W. Moore v. The State.

1. A bail bond, taken by a committing magistrate before indictment found, was conditioned for the appearance of one H., "at the next term of the "District Court, to answer such bill of indictment as may be preferred "against him by the Grand Jury of B. county." *Held*, that the condition of the bond is sufficient. The law does not require as great particularity in a bond taken by a committing magistrate as it does in a bond taken before a District Court after indictment found.
2. A magistrate by whom a party had been committed, had no authority to take and approve a bail bond after the adjournment of his court.

Appeal from Bastrop. Tried below before the Hon. I. B. McFarland.

There is no occasion for a statement of the facts.

*Jones & Sayers*, for the appellant.

*Wm. Alexander, Attorney-General*, for the State.

Ogden, J. The first objection to the bail bond is not well taken. The law does not require as great particularity in a bond taken by a committing magistrate, as it does in a bond taken before the District Court after indictment found. But under the authority of The State *v*. Russell, 24 Texas, 505, we must

decide that the magistrate, before whom the party had been committed, had no authority after the adjournment of his court, to take and approve a bail bond. The judgment is therefore reversed, and the cause dismissed.

Reversed and dismissed.