## G. B. Crumpecker et al. v. The State.

### No. 2768.    Decided March, 9, 1904.

**1.—Bail Bond—Examining Court.**

Where on one day a justice of the peace sitting as an examining court fixed the amount of bail and in default of giving such bail defendant was placed in jail and upon the following day entered into bond with his sureties, the constable who had the defendant in custody accepting same, and the justice filing and approving it also on said day. Held, that unless it be affirmatively shown that the justice was not sitting as an examining court and had in fact adjourned his court, that it will be presumed that the justice was still sitting as a committing court.

**2.—Same—Approval Not Necessary.**

There is no requirement of law, in order that a bail bond be valid, that it be approved by any person; and when the constable who had defendant in custody accepted his bond, released him and placed the bond with the magistrate, such act was tantamount to an approval, and the approval by the justice, while not necessary, did not vitiate the bond. Distinguished: Schrader v. State, 30 Texas, 386; Moore v. State, 37 Texas, 133; Russell v. State, 24 Texas, 505.

**3.—Same—Non Est Factum.**

The question of whether a bail bond has been approved after adjournment of court or is void, can be raised in the Court of Criminal Appeals, without a plea of non est factum.

Appeal from the District Court of Fannin. Tried below before Hon. Ben H. Denton.

Appeal from the forfeiture of a bail bond.

The opinion states the case.

*G. W. Wells* and *Richard B. Semple,* for appellant.—Where the justice of the peace has an examining trial to try a criminal upon the charge of theft of $105, and the defendant waives a trial and the justice orders his commitment upon his failure to give the bond fixed by him, and defendant is incarcerated in jail, and on the succeeding day the defendant gives the bond, which is accepted by the justice and the defendant is discharged, such a bond is invalid because said magistrate had no authority to take said bond after his examining court had adjourned on the day prior to the taking of said bond.

As stated under proposition under first assignment of errors, the bond bore date July 16, 1901. The defendant was brought before the magistrate on July 16, 1901, to be examined on the charge of theft of $105. He waived a trial and was bound over to the district court in $1000 bond. He failed to give the bond on that day and was confined in the jail of Honey Grove. The next day, July 17, 1901, he gave the bond sued on and was released. This bond was taken by the justice of the peace one day after his examining court had adjourned. White's Crim. Proc., art. 306; Moore v. State, 37 Texas, 133; State v. Russell, 24 Texas, 505; Shrader v. State, 30 Texas, 386.

On the proposition that appellants could attack the consideration of said bond, and show its insufficiency, by pleading the circumstances under which it was executed without sworn plea: Bank v. Machinery Co.,

15 Texas Civ. App., 159; Insurance Co. v. Wicker, 93 Texas 390; Short v. State, 16 Texas Crim. App., 44; Heath and Heath v. State, 14 Texas Crim. App., 215; Gragg v. State, 18 Texas Crim. App., 295.

On the proposition that the bond was not "taken" until it was delivered to the magistrate on July 17, 1901: Williamson v. State, 32 Texas. Crim. Rep., 213.

*Howard Martin,* Assistant Attorney-General, *J. C. Meade,* District Attorney, and *Taylor & McGrady,* for the State.—"To execute is to complete or carry into effect; execution is the act of doing so. Thus, to execute a deed is to sign, seal and deliver it." Rapalje and L. Law Dic., p. 478. Execution means "of writings to make, sign and deliver." 7 Enc., 1st ed., 117, and note 4. See also 5 Enc., 1st ed., 445-446.

It is not necessary to the validity of a bail bond that it should be approved by any person, and where a defendant has been required to give bail in order to obtain his release from custody, and he executes a bail bond in conformity with law and in consideration of which he is released from prison, the obligation is binding upon him and his sureties without its being approved by any person. The statute prescribes the requisites of a bail bond and it is nowhere required that it be approved. Code Crim. Proc., arts, 309, 333, 479; Holt v. State, 20 Texas Crim. App., 271; Arlington v. State, 13 Texas Crim. App., 554; Wright v. Leath, 24 Texas, 24; Werbiski & Champion v. State, 20 Texas Crim. App., 131.

HENDERSON, JUDGE.—This is an appeal from a final judgment on a bail bond of O. H. Crumpecker, and his sureties, G. B. Crumpecker, J. Taylor Allen and H. C. Fewell. The amount of the bond and judgment is $1000. No question is made as to the form of the bond, nor to the proceedings, save and except as to the date of the approval of said bond. The bond itself bears date July 16, 1901; and it bears date of approval on July 17, 1901, by B. F. McGaughey, justice of the peace. The proof shows that McGaughey was the justice of the peace of precinct No. 5, in Fannin County; and that, O. H. Crumpecker, alias Henry Crumpecker, was brought before him charged by affidavit with theft—the same being a felony. He was brought before the justice as committing magistrate on July 16, 1901; waived an examination, and his bail fixed at the sum of $1000. He was placed in jail, and his sureties, together with said principal, executed said bond on July 17, 1901. The constable accepted said bond, released defendant O. H. Crumpecker, and returned the bond into the justice court; and the justice approved said bond as above shown. This is a substantial statement of the case, so as to present appellants' contentions. We understand appellants to insist that the bond was taken and approved after the adjournment of the court as committing magistrate, and is therefore void. On the other hand the State contends that the assignments of error are not in accord

with the rules required in civil practice; and that there is no plea of non est factum to the bond, under which alone appellants could raise the question. And furthermore, if it be conceded that the justice of the peace was not sitting as a magistrate and the prisoner was not in his custody on the 17th of July, but was then in the custody of the constable, that the approval of said magistrate will not vitiate the bond; that no approval is necessary on a bail bond; that the taking of the same by the constable on the 17th of July will be presumed to have been rightly done, his approval not being necessary. We do not deem it necessary to discuss the first proposition of the State, which involves a rule of practice.

We believe, however, it was competent for appellants to raise the question here insisted on, without putting in the plea of non est factum. As before remarked, appellants' main resistance is that said bond, on account of being approved by the magistrate, was evidently taken and accepted by him when his court was not in session, and consequently was void. In support of his contention he cites us to Shrader v. State, 30 Texas, 386; Moore v. State, 37 Texas, 133; Russell v. State, 24 Texas, 505. Russell v. State, supra, is authority for holding that when a magistrate has fixed the bail and taken a bond subsequently, he has no authority to cancel that bond and take another. Moore's case refers to that case to sustain the proposition that the magistrate has no authority after the adjournment of his court to take a bail bond. We understand that a magistrate, for the purpose of trying and committing a person to appear and answer for the offense before some other court, has authority to sit at any time, and is not required to wait until some regular term of his court. When he has held such trial he makes a judgment holding the party to bail, committing him to answer before the proper court, and ordering him to jail in default of bail; and on this judgment the order and warrant, or writ of commitment is issued. In this particular case it does not appear that any such writ was issued. However, it does appear that the order was made on July 16th, and appellant Crumpecker placed in jail; and it is also stated by one of the witnesses for appellants that he saw appellant confined in jail on July 17th; and that he went from there to the justice courtroom, and his court was not in session, at that time. But he does not show that said justice court, as an examining court, was not in session when said bond was approved. Nor is it shown in the record that said justice court was adjourned as a committing court on July 16th. So it may be assumed, in answer to the technical objection of appellants as to the validity of said bond, that said justice court as a committing court had not adjourned finally, in the absence of proof to that effect. However, we are not compelled to rest the decision of this case upon that view. There is no requirement of law, in order that a bail bond be valid, that it be approved by any person. And it has been held that the accepting of the bond by the proper officer and the release of the prisoner in accordance therewith is sufficient without any

formal approval. See authorities cited in White's Ann. C. C. P., sec. 254. So we hold, if it be conceded that the committing magistrate's court had adjourned on July 17th, and appellant was then in custody of the constable, that when he took said bond and released the prisoner and placed the same with the magistrate as it was his duty, in order that the same be forwarded with the other papers to the district court, this was tantamount to his approval of said bond. Of course, under such circumstances it would be absurd to say that because the magistrate wrote his approval on said bond, this vitiated it.

There being no error in the record, the judgment is affirmed. ·

*Affirmed.*