MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, OF TEXAS, v. L. V. MERRITT, ET AL.

Decided April 17, 1907.

1.—Charge.

Requested instructions on damage to land by overflow held properly refused because embraced, in substance, in the charge given.

2.—Same—Overflow—Damage—Johnson Grass.

Instructions as to the measure of damages for injury to land by spread of Johnson grass thereon, washed upon it by overflow, held correct when considered in connection with entire charge.

3.—Charge—Proximate Cause—Overflow.

An instruction permitting recovery for injury to land proximately caused

by the digging of a ditch, was not erroneous for failing to limit recovery to injuries caused by diversion of water by such ditch, which was remote from plaintiff's land and capable of injury thereto only by diversion of water upon it.

Appeal from the District Court of Bell County. Tried below before Hon. John M. Furman.

*T. S. Miller* and *Tyler & Tyler* for appellant.

*A. L. Curtis* and *J. B. McMahon,* for appellees.

KEY, ASSOCIATE JUSTICE.—The nature and result of this suit is stated as follows in appellant's brief: Appellees, Queen V. Merritt and her husband, John H. Merritt, sued the Missouri, Kansas & Texas Railway Company of Texas, in the District Court of Bell County, Texas, on May 23, 1905, for damages to their 114 acre tract of land near Little River in Bell County, Texas, occasioned by overflows during the months of April and May, 1905, alleged to have been due to the negligent construction and maintenance of appellant's embankment, culverts, sluices, right-of-way ditches, and especially of a ditch cut by the railway company from the east to the west side of the right of way near Hatrick's gin, about two miles above appellees' land, which ditch is alleged to have diverted the surface water, which would naturally have gone down the east side of the right of way and not reached appellees' land, over to the west side and conveyed the same to a point immediately above appellees' land, where it was discharged, overflowing their land and spreading Johnson grass roots and seed thereon, to their damage by reason of water $800 and by Johnson grass $500.

Appellant answered by general denial on the 30th day of May, 1905.

Verdict and judgment were rendered on September 25, 1906, in favor of appellee for $700 damage by water and $300 damage by Johnson grass. Appellant filed motion for new trial on September 26, 1906, which was overruled, and having given notice of appeal brings the cause before this court upon the assignments of error contained in its brief.

*Opinion.*—The first assignment of error complains of the refusal of a requested instruction to the effect that if it was shown by the evidence that if the railroad had never been built, the same amount of water would have been conveyed over the cultivated fields and through the natural and artificial channels onto the plaintiffs' land, the jury should find for the defendant. This instruction was properly refused, because it was, in substance and effect, embraced in the charge given by the court. And the same may be said in reference to the second assignment, which complains of the refusal to give a requested instruction. In the court's charge we find an instruction that is almost a literal copy of the one that was refused.

The third assignment of error complains of so much of the court's

charge as reads as follows: "If you find for the plaintiffs and find that plaintiffs' said land was injured by Johnson grass and roots being washed thereon, then the measure of damages resulting from said Johnson grass would be the reasonable costs of extirpating the same and placing the land in the same condition it was in before said grass and roots were deposited thereon." The sentence quoted does not include all of the charge upon that subject, the remainder being as follows: "And if you find that there was Johnson grass on said land before the ditch was constructed and before the alleged overflow deposited additional Johnson grass thereon, then the plaintiffs would only be entitled to the reasonable expense of extirpating or eradicating such additional Johnson grass as may have thus been washed and carried thereon, as the direct and proximate result of the digging of said ditch."

When construed together it seems quite clear that the jury could not have understood that they could allow for the cost of eradicating any Johnson grass except such as the defendant caused to reach and grow upon the land. Nor does this charge authorize a double recovery.

The fourth assignment complains of the last sentence of the charge as quoted above as not stating the law correctly. The court had previously instructed as follows:

"If you find for plaintiff and should further find that said land would have been overflowed and injured, in the months of April and May, 1905, by the flow of surface water flowing in its natural drainage, regardless of the existence of said ditch, but if you further find that said ditch did divert other surface water from its natural flow, and caused thereby an increased flow of same, over said land to its additional injury, then the plaintiff would only be entitled to recover of defendant such increased or additional injury, if any, in excess of what it would have suffered had the ditch not been constructed, as the evidence might disclose resulted from such increased volume of water so diverted from its natural flow by said ditch, if any."

Construing these paragraphs together, we think the law was stated correctly, and that the jury could not have been misled to the injury of appellant.

Under the fifth assignment the court's charge in reference to the measure of damages on account of the ditch, is criticised, because it uses the language "as the direct and proximate result of the digging of said ditch," the contention being that it should have read: as the direct and proximate result of the diversion of water from its natural channel by the digging of the ditch. This criticism is without merit. The ditch was not near the plaintiffs' land, and the only way it could have been the proximate cause of injury to their land would have been by diverting water upon it; and as to the ditch, the case was tried and submitted upon that theory only.

The sixth and last assignment assails the verdict as being contrary to the testimony. This assignment is overruled. While appellant submitted evidence quite sufficient to have supported a verdict in its

favor, appellees presented testimony which sustains the finding of the jury in their favor.

No reversible error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.