EX PARTE ROBERT EVANS.

No. 4511. Decided May 23, 1917.

Habeas Corpus—Appearance Bond—Examining Magistrate.

Where relator was arrested for felony, taken before the examining court and bound over to await the action of the grand jury, and his bond was approved by the examining magistrate while the court was in session, and approved by him, relator is entitlted to a discharge thereon on a writ of habeas corpus. Following Arrington v. State, 13 Texas Crim. App., 551, and other cases. Distinguishing State v. Russell, 24 Texas, 505.

Appeal from the District Court of Hill. Tried below before the Hon. Horton B. Porter.

Appeal from a writ of habeas corpus proceeding refusing relator to be discharged upon a bond approved by the examining magistrate.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was arrested for a felony and taken before the examining court and bound over in the sum of $500 to await the action of the grand jury.

Bond was approved by the court while court was in session. Afterward commitment was issued to the sheriff and the sheriff refused to discharge appellant under the bond given to and approved by the magistrate. Writ of habeas corpus was applied for before the district judge, appellant claiming his right of release under the bond approved by the magistrate. The court overruled his contention, remanding him to the custody of the sheriff, intimating that the sheriff must take the bond. It is unnecessary to enter into a discussion of this matter at

any length. ·The magistrate had the legal authority to take the bond while his court was in session. See Revised Code of Criminal Procedure, arts. 345 and 346. If the party be ready to give bail, the magistrate shall prepare, or cause to be prepared, a bail bond, which shall be signed by the accused and his surety or sureties, the magistrate first being satisfied as to the sufficiency of the security. Article 346 provides, in all cases when the accused has given the required bond, either to the magistrate, or the officer having him in custody, he shall at once be set at liberty. See also Arrington v. State, 13 Texas Crim. App., 551. Indirectly this matter has come up in other decisions; for instance, in the State v. Russell case, 24 Texas, 505. In that case it was held that the magistrate, after the adjournment of his examining court, had no authority under the law for taking a bond; that the sheriff was the only man who could take it. This same line of reasoning is followed in quite a number of cases. The Arrington case was a scire facias proceeding, and there was a question as to whether the forfeiture was proper. The court, through Judge Willson, held: "It is shown by the record that the bond was taken under the order of the magistrate, and while his court was in session, and that thereupon the defendant by order of the magistrate was released from custody. We think this was sufficient, and that, although the bond was taken and approved by the deputy sheriff, it was with the knowledge, sanction and approval of the magistrate, and was as valid as if the magistrate had actually taken and approved the same." That case shows that the bond was taken while the magistrate's court was in session, and that the question of whether or not under those circumstances the act of the magistrate in open court authorizing the sheriff to take the bond and approving it while court was still in session, was held to be a sufficient compliance with the law which authorizes the magistrate himself to take it. We are of opinion, under the statute when the justice of the peace, while his court is in session, approved the bond, it entitled appellant to his discharge from custody.

The, judgment will be reversed and the relator ordered discharged under the bond approved by the magistrate.

*Relator discharged.*