E. E. WEST AND B. S. CATLETT, *Plaintiffs in Error, v.*
THE STATE OF FLORIDA, *Defendant in Error.*

CASE NO. 5.

Opinion filed March 5, 1918.

Defendants offered in evidence a certified copy of the minutes
showing order of the Circuit Judgee allowing bail, to be ap-
proved by the said Judge. The State objected on the ground
that such evidence was immaterial. It appears that the bond
ordered by the court was taken and approved by the sheriff.
*Held*, that the taking, approving and filing the bond by the
sheriff, instead of its approval by the Judge, does not render
the bond invalid.

Writ of Error to Circuit Court for Duval County,
Daniel A. Simmons, Judge.

Judgment affirmed.

*B. B. McDonnell* and *Axtell & Rinehart*, for Plaintiffs
in Error;

*T. F. West*, Attorney General, and *C. O. Andrews*,
Assistant, for the State.

WILSON, Circuit Judge—The facts, procedure and
pleadings, are, with one exception, the same as the facts,
procedure and pleadings in the case of E. E. West and
W. J. Hildebrandt, Plaintiffs in Error vs State of Florida,
Defendant in Error, designated as case No. 1, and which
has just been decided by this Court affirming the judg-
ment of the lower court, except the plaintiffs in this case
are E. E. West and B. S. Catlett, and the bail bond is

for Three Thousand Dollars instead of Two Thousand Dollars.

The exception, above referred to, is, that during the progress of the trial of this case, the defendants below, offered in evidence a paper which was designated as being a certificed copy of the order of the Court fixing the bond of George W. Russell in this case. It appears that there is a record in the minutes of the circuit court of the Fourth Judicial Circuit of Florida, in and for Duval County, which reads as follows:

> In the Circuit Court, Fourth Judiical Circuit;
> in and for Duval County, Florida, Wednesday,
> January 5th, A. D. 1916.

The State of Florida

  vs.

 George W. Russell

    Order for capias and order fixing bond.

Comes now Wm. A. Hallowes, Jr. State Attorney and moves the Court for an order directing the Clerk to issue a capias for the defendant George W. Russell.

It is therefore considered by the Court that the capias issue for the said defendant herein.

Whereupon capias issued as ordered.

It is further considered by the Court that the said defendant be and he is hereby required to furnish a good and sufficient bond in the sum of Three Thousand Dollars, to be approved by the Judge of this Court, conditioned upon the defendant appearing at the present term of the Criminal Court of Record for Duval County, Florida and from day to day and term to term of said court.

From these minutes it is ascertained that the Judge made an order that capias issue for the defendant, and it was further ordered that the defendant, Russell, be

required to furnish a good and sufficient bond in the sum of Three Thousand Dollars, to be approved by the Judge of that Circuit Court, conditioned upon the defendant appearing at the present term of the Criminal Court of Record for Duval County, from day to day and term to term of said Court. The State Attorney objected to the introduction of this order on several grounds, among them, that it was irrelevant and immaterial, and on the further ground that it was taken and approved by the proper officer, and filed in the records of the court. The judge sustained the objection. We do not see wherein this ruling was erroneous. The law requires the Judge of the Circuit Court, before the adjournment of any term of the court, to enter upon the back of all capiases issued by the clerk of said court under his signature, when there has been no arrest made, to fix the amount of bond to be taken and approved in cases where bail is allowed. See section 3864 of the General Statutes. No special order is required, the Judge simply fixes the amount of the bond when there has been no arrest made, and the case is one where bail may be allowed. This order should be written on the back of the capias. Therefore, the order which was sought to be introduced was immaterial and merely surplusage. The purpose of offering this testimony, was to show that the bond which the Court ordered taken, was not the bond which the sheriff afterwards took and approved, in that the Judge's order required the bond to be returnable to the Criminal Court of Record, while the bond actually taken, was made returnable to the Criminal Court of Duval County. As, a matter of fact, the exact language of the Constitution, Article 5, Section 28, on this point is, "upon the finding of such indictment the Circuit Judge shall commit or bail the accused for

trial in the "Criminal Court." However, if there was a variance, it was an immaterial one, as we have heretofore decided in case number one. The statute provides the manner of taking and approving the bail bonds. As before stated, the Circuit Judge determines the amount of the bond, if it is a bailable offence. The judges of the criminal courts of record are authorized to fix the amount of bail in cases pending in their courts; section 3873 of the General Statutes, and the sheriffs are authorized to take and approve the bonds; see section 3887 of the General Statutes. This section is not entirely clear as to whether the power of the sheriff to approve bail bonds is limited to bonds in the criminal court of record, but by careful reading of the section we find that it declares "the sheriffs of the several counties of this State, where such endorsements are made as provided in section 3873, and such capiases are placed in their hands for execution, and the persons against whom such capiases are issued are arrested, and such person desires to give bond, is hereby empowered to take and approve such bond for the amount set forth as provided in section 3873." The endorsement set forth in section 3873 is the endorsement of the Criminal Court Judge upon the back of all capiases issued by the clerk of said court under his signature, when there has been no arrest made, the amount of the bond to be taken and approved. It will be noted that section 3864 of the General Statutes, fixes the same endorsement for the Circuit Judge to enter upon the back of all capiases issued by the clerk of said court, under his signature, when there has been no arrest made, the amount of the bond to be taken and approved. Thus, when section 3887 of the General Statutes provides that the sheriffs may take and approve

the bail bonds, "where such endorsements are made as provided in section 3873," and the same endorsement being included in section 3864 of the General Statutes, it naturally follows that he is authorized to take and approve bail bonds both in the circuit and criminal courts of record.

We do not think the court erred in refusing to admit the alleged order of the court fixing bail. Its admission could not have affected the result, because it would have raised the same question of variance which we have already held was not material.

It is said that as a general rule statutory provisions as to the taking and approving bail bonds are merely directory. 6 Corpus Juris, Sections 264, 1013; 5 Cent. Digest, Bail, Sec. 239; 3 Dec. Digest, Bail, Sec. 61.

The bond does not have to be approved to make it valid. Crumpecker v. State, 46 Tex. Civ. App. 132, 79 S. W. Rep. 564.

The defense that the record fails to show the bond was accepted by the court is not available. Commonwealth v. Perkins, (Ky.) 32 S. W. Rep. 134.

A statute requiring magistrate to approve bond taken by him is only directory, and failure to endorse his approval does not render the bond void. Dyches v. State, 24 Tex. 266.

All other questions involved in this case have been settled in the said case number one, and finding no reversible error in this case, the judgment is affirmed at the cost of the plaintiffs in error.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

WEST, J., disqualified.