## A. J. SPRADLEY ET AL. v. THE STATE OF TEXAS.

Decided March 2, 1900.

### 1. Sheriff—Commitment—Judgment.

A judgment that a defendant convicted of misdemeanor stand committed to jail till the fine and costs are paid is a sufficient compliance with articles 845, 847, Code of Criminal Procedure, without issuance of a writ of commitment or the furnishing a copy of the judgment to the sheriff, to render him liable for the fine and costs, if he permit the convict to go at liberty.

**2. Same—Other Remedy by State.**

Where the sheriff has set at large a county convict committed till fine and costs are paid, it is not necessary for the State to show, in order to recover against the sheriff, that it has exhausted its remedy by execution and capias pro fine against the convict.

**3. Sheriff—Setting Convict at Large—Suit by State.**

Suit against a sheriff and his bondsmen for setting at large a county convict committed till payment of fine and costs, is properly brought on his official bond in the name of the State, the recovery being for the use and benefit of the county and the officers entitled to the costs.

**4. Same—Discharge of Convict—Evidence.**

The sheriff is not relieved from liability for the fine and costs of a county convict committed till payment by testimony that the convict lay in jail long enough to discharge the fine and costs and was then released by direction of the county judge; he should show compliance with articles 847, 856, Code of Criminal Procedure, and obtain credit from the commissioners court under articles 838, 839, by the convict's affidavit of inability to pay the fine and costs.

APPEAL from Nacogdoches. Tried below before Hon. TOM C. DAVIS.

*Ingraham, Ratcliff & Huston* and *Dial & Chesnutt,* for appellants.

*George S. King,* for appellee.

GARRETT, CHIEF JUSTICE.—This suit was brought by the State of Texas for the use of Nacogdoches County against A. J. Spradley, formerly a sheriff of the county, and the sureties upon his official bond, for the recovery of certain fines and costs adjudged against certain persons convicted of misdemeanors in the County Court of said county and remanded to the custody of the sheriff until such fine and costs were paid. The sums claimed amount to $1007.75. It was charged that the said Spradley permitted the said persons to go at large and willfully neglected and refused to collect said fines and costs. It was shown by the evidence that the defendant, A. J. Spradley, was elected sheriff of Nacogdoches County in November, 1896, and that he duly qualified as such, and that the defendants George H. Davidson and John Schmidt were the sureties upon his official bond, which was in due form and was duly approved and recorded. He served his full term of two years, and during his said term the persons whose names are set out in exhibit A to the petition were convicted of misdemeanors in the County Court of Nacogdoches County on the several dates mentioned in said exhibit, and fines and costs were adjudged and assessed against them as shown therein, except as to the two cases against Bill Wilson. The judgment of the court in each of said cases adjudged that the defendant be committed to the custody of the sheriff till the fine and costs were paid. It was shown that no part of the fine and costs was paid in any of the cases. None of the parties were hired out. Spradley made no report to the commissioners court as to what had been done with any of them, and no credits were allowed him by said court in any of the cases. He made no application to the clerk for process against said parties and no

credit was ever allowed him for any part of such fines and costs on the financial ledger of the county, and he made no effort to obtain any such credit. His action with regard to several of the parties was as follows:

1. Lige Garrett lay in jail a sufficient time to discharge the fine and costs assessed against him, and was released on instruction of the county judge.

2. Dock Jolly lay in jail a sufficient length of time to discharge his fine and costs, and was released.

3. Cicero Arrington; the same disposition was made of him as of Dock Jolly. As to these three parties there is no evidence that they were imprisoned or lay in jail except the statement of the defendant Spradley. And it was not shown that any affidavit of their inability to pay the fines was made.

4. Martha Rivers was not put in jail, but was released on instruction of the county judge.

5. Jane Greer; the same disposition was made of her as of Martha Rivers.

6. Josie Sowell; the same disposition was made of her as of Martha Rivers.

The defendant Spradley offered no excuse as to Edmund Perkins, Charles McCuistian, Clark Thorn, Callie Moore, and George Davis. It was shown that writs of commitment were never demanded or issued in the cases, and that certified copies of the judgments of conviction were never asked for by the sheriff or furnished to him.

The case was tried without a jury and judgment was rendered in favor of the State for the sum of $198.98, the aggregate amount of the fines and costs against Clark Thorn, Callie Moore, Charles McCuistian, and George Davis. The State has filed cross-assignments against the action of the court below in refusing to render judgment in its favor also for the fines and costs assessed against Lige Garrett, Dock Jolly, Cicero Arrington, Edmund Perkins, Jane Greer, Martha Rivers, and Josie Sowell.

The first, second, third, fourth, and fifth assignments of error are addressed to the action of the court in failing to sustain a general demurrer and four special exceptions to the petition. The averments of the petition are substantially that the several parties were by virtue of the judgments rendered against them remanded to the custody of the sheriff, the defendant A. J. Spradley, until the fines and costs were paid, or until otherwise legally discharged; also that notwithstanding each of said parties were by virtue of said final judgments remanded to the custody of the said Sheriff Spradley for their safe keeping until their fines and all costs were paid, the said Spradley permitted them to go at large and willfully neglected and refused to collect and pay over said fines and costs to the persons authorized to receive the same; and that the same had never been discharged by payment, imprisonment, hiring out, or by any other means prescribed by the commissioners court.

These averments are sufficient to show that the parties for whose fines and costs the defendants are sought to be held liable were legally put in the custody of the sheriff, and it was not necessary to allege that a writ of commitment was issued in the cases to charge him with the duty of safely keeping them until the fine and costs were paid or otherwise legally discharged.

Although the statute requires that the defendant when present in court shall be committed to jail until the fine and costs are paid, a judgment remanding him to the custody of the sheriff until they are paid is a sufficient compliance with the statute as a commitment to jail, and the judgment itself is a commitment without the necessity of the issuance of a writ or the furnishing of a certified copy thereof to the sheriff. Code Crim. Proc., arts. 845, 847; Shrader v. State, 30 Texas, 386. It is not necessary when the petition shows that the defendant has been committed until the fine and costs are paid, and that the sheriff has set him at large, for it to show also that the State has exhausted its remedy by execution and capias pro fine. Whenever a person convicted of a misdemeanor has been committed to the custody of the sheriff until the fine and costs are paid, it is the duty of the sheriff to enforce the judgment. It matters not that it may also be collected by execution against the estate of the defendant or that a capias pro fine may be issued in case of escape, or if he has been allowed to go at large without discharging the judgment. The sheriff can not shift this responsibility upon other officers whose duty it may be to issue or apply for the writs when required. The petition shows a cause of action against the sheriff and the sureties upon his bond.

Suit upon the bond is authorized in the name of the State, since the judgment is in favor of the State, and any recovery by it will be for the use of the county of Nacogdoches and such officers as may be entitled to the costs. No issue was made in the court below by pleading or otherwise as to the allowance in set-off of any costs due the defendant Spradley. So far as the record shows the question is raised for the first time in this court. It is not made a ground for new trial. There is no merit in the assignment that the judgment is excessive in allowing the State to recover for the costs due the defendant Spradley and other persons not parties to the suit.

The evidence shows that the persons against whom the fines and costs were adjudged for which the State recovered, as well as those named in the cross-assignments of error made in behalf of the State, were all remanded by final judgment of the court to the custody of the sheriff until the fine and costs should be paid, and it further shows that they were permitted to go at large by the said Spradley without being discharged of the same, and that the fines and costs in these cases have never been paid. A defendant convicted of a misdemeanor can only be discharged of the fine and costs: (1) When the amount of such fine and costs have been fully paid; (2) when the same have been remitted by the proper authority; (3) when the defendant has

remained in custody the length of time required by law to satisfy the amount of such judgment as provided by statute. Code Crim. Proc., arts. 847, 856. There is no contention that the fine and costs were discharged in either of these ways prescribed by law.

As to three of the persons, Spradley testified that they lay in jail a sufficient length of time to discharge the fine and costs, but there is no evidence that article 850 of the Code of Criminal Procedure was complied with so as to entitle the parties to so discharge them. The county judge had no authority to direct the release of the parties without a discharge of the judgments against them in one of the modes provided by law. The power to remit fines is given by law to the Governor alone. Article 838 of the Revised Statutes requires an account to be kept by the clerk with the sheriff in which the latter shall be charged with all judgments, fines, forfeitures, and penalties payable to the county in the courts of his county and with the collection of which he is by law made chargeable, and article 839 provides that the sheriff may free himself from liability by producing the receipt of the county treasurer showing the payment of such judgment, fine, forfeiture, or penalty; or by showing to the satisfaction of the commissioners court that the same can not be collected, or that the same has been discharged by imprisonment or labor or by escape, without fault or neglect; and that none of the credits so allowed, except those on receipts of the treasurer, shall be entered without an order of the commissioners court allowing the same. These provisions of the Revised Statutes as well as of the Code of Criminal Procedure were enacted for the purpose of compelling the sheriff to do his duty in the collection of fines, and were made plain to meet just such cases as the present. The defendant Spradley testified that some of the parties lay their fines out in jail, but they did not do so, because article 850 of the Code of Criminal Procedure was not complied with. It was not shown that the facts were such that they could discharge them by lying in jail, and if this had been done, no oath was made by the parties that they were unable to pay the fines and costs assessed against them; and even if this had been done, no credits therefor were applied for or obtained from the commissioners court. No defense whatever was shown. Colorado County v. Beethe, 44 Texas, 450. The District Court trying the case below had no power to remit the fines, or to discharge them. It could only inquire and adjudge whether or not the defendant Spradley was legally entitled to the credits claimed by the defendants. And with respect to the parties for whose fines and costs he was adjudged liable in the court below, and the fines and costs of those named in the cross-assignments of error filed by counsel for the State, it clearly appears that the defendant Spradley and the sureties upon his official bond are not entitled to the credits claimed, or to avail themselves of any of the defenses set up, and are liable for the full amount of the fines and costs adjudged against them. The judgment of the court below will be reversed on the cross-appeal, and judgment will be here rendered in favor of the State for the aggregate sum of the

fines and costs assessed against the said parties, to wit, the sum of eight hundred and twenty-two and 61/100 ($822.61) dollars, and all costs of this court as well as of the court below.

Reversed on cross-appeal and rendered.

*Reversed and rendered.*

### ADDITIONAL CONCLUSIONS.

The appellant having requested the court to correct and amend the conclusions of fact heretofore filed, the court make the following additional conclusions.

1. When this suit was brought in the court below, and after his term of office had expired, the appellant Spradley applied to the county clerk then in office for writs of capias pro fine for the parties for whose fines he was sued; the clerk issued them, but refused to give them out for some reason or other.

2. By the judgment of this court the appellants were held liable for the fines and costs sued for as follows: Clark Thorn, $27.33; Callie Moore, $25.75; Chas. McCuistian, $23.00; George Davis, $122.90; Lige Garrett, $24.20; Dock Jolly, $63.09; Cicero Arrington, $26.45; Edmund Perkins, $133.71; Jane Greer, $127.50; Martha Rivers, $128.07; Josie Sowell, $120.20. Total, $822.20.

From the testimony of the sheriff we conclude that all of the parties were remanded to his actual custody except Clark Thorn, Chas. McCuistian, and Edmund Perkins. As to Chas. McCuistian and Clark Thorn, he had no recollection, and as to Edmund Perkins he did not testify, and as to these three persons the record only shows that they were remanded to his custody by the judgment of conviction entered in their cases. This court disregarded the cross-assignment as to William Clark, because it was not followed by a statement, and his fine was not included in the judgment.

3. The evidence shows that the judgments were charged against the sheriff and that no credits were ever allowed. It is not expressly stated that they were entered on the financial ledger, but the clerk of the County Court at the time Spradley was sheriff testified that Spradley did not do anything to have his account credited on the financial ledger for any of said fines and costs. We conclude that the judgments had been charged up against Spradley on the financial ledger.

4. Lige Garrett, Dock Jolly, and Cicero Arrington lay in jail a sufficient length of time to have discharged their fines and costs, if the law had been complied with so as to entitle them to discharge their fines and costs in that way. But the law was not complied with. No effort was made by them to have their fines and costs discharged in that way, or by the sheriff to obtain credit therefor.

Writ of error refused.