### WYNNE et al. v. STATE.

(Court of Civil Appeals of Texas. Galveston. June 7, 1913.)

SHERIFFS AND CONSTABLES (§ 157*)—LIABILITY ON OFFICIAL BOND—FINES NOT COLLECTED AND RETURNED.

Where commitments were issued by a justice court to a constable, none of which were ever returned into court, the constable and the sureties on his official bond were liable to the state for the amount of the fines and costs adjudged against those against whom the commitments issued.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 354–371; Dec. Dig. § 157.*]

Appeal from District Court, Jefferson County; W. B. Powell, Judge.

Action by the State of Texas against C. L. Wynne and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Holland & Holland, of Orange, for appellants. E. L. Bruce, of Orange, for appellee.

REESE, J. This is an action in the district court by the state of Texas against C. L. Wynne, one time constable of precinct No. 1 of Orange county, and the sureties on his bond, as constable, to recover for the use of the state, and the officers entitled thereto, certain fines and costs adjudged against parties by the justice court of said precinct amounting in the aggregate to $302.98. A trial without a jury resulted in a judgment for plaintiff and against defendants for the amount sued for, from which defendants appeal.

The following are the facts as found by the trial court:

"This is a suit by the state of Texas in its own behalf and for the use and benefit of Orange county and for the use and benefit of J. P. Tatum, justice of the peace, precinct No. 1, and for the use and benefit of E. L. Bruce, county attorney of Orange county, on the official bond of C. L. Wynne, as constable of precinct No. 1, Orange county, Tex., with J. W. Link and D. Mossiker as sureties, to recover the sum of $302.98, the balance unaccounted for on commitments issued out of the justice court, precinct No. 1, Orange county, Tex., on judgments rendered in said court at various times, and which commitments were placed in the hands of said Wynne as constable.

"C. L. Wynne was the duly elected and acting constable of precinct No. 1, Orange county, Tex., at and between the dates of November 14, 1908, and the 16th of August, 1909, and at all times and dates described in plaintiff's petition, and was duly qualified as such, and the other defendants, J. W. Link and D. Mossiker, sureties on his official bond of such officer; and during all of said times, J. P. Tatum was the justice of the peace of precinct No. 1 and E. L. Bruce was the county attorney of Orange county.

"Judgments of conviction were duly and properly entered in the justice court of precinct No. 1, Orange county, at the times and against the parties named in plaintiff's petition, and all of them, and the fines and costs amounted to the sums claimed in plaintiff's petition.

"This suit was filed October 27, 1911. Subsequently, to wit, on January 30, 1912, in a conflagration in the business portion of the town of Orange, the records of the justice court, precinct No. 1, were destroyed by fire, as well as all papers of said court, and especially the docket showing the matter in controversy in this suit as well as all commitments that had been executed and returned. Upon the entry of these judgments of conviction the justice of the peace on the days described in plaintiff's petition issued in each case a commitment, which commitment, together with the defendant's commitment, were delivered by him to the said C. L. Wynne, constable, either on the same day or very soon afterwards. That in none of such cases herein sued on has such original commitment ever been returned into said court by said C. L. Wynne or by any other officer. That no case is herein sued on in which the original commitment has been returned into said court. That in none of the cases covered by the commitments that were not returned by said constable, and being the ones herein sued on, have the defendants therein been committed to jail therefor; nor has any convict bond been given for the hiring of the defendant therein; nor has any of said defendants satisfied in whole or in part the amounts of such fine and costs by confinement in jail or by working same out on the county roads; nor have such judgments been satisfied by said defendants unless paid by them to the said C. L. Wynne. That no part of the amount claimed in plaintiff's petition has been paid to or received by the parties entitled to receive the same as therein set out. The total sum of the amount due under said commitments, less the credits admitted in plaintiff's petition, amounts to $118 fines in favor of the state; $23 costs owing to said J. P. Tatum, justice of the peace; and $161.18 owing to said E. L. Bruce, county attorney. That upon each of said judgments, at or about the time of the institution of this suit, a capias pro fine was prepared by said justice and county attorney, but the issuance of same was purposely not noted on the docket nor same placed in the hands of an officer for execution, but were prepared solely that said C. L. Wynne could go over same and could go in company with an officer to execute same and see if any, had been paid in full or in part. That same was done at the instance of said Wynne, and said Wynne promised to go over same, but has never called for same or gone over same; that the issuance of same was not noted on the docket, nor same turned over to an officer for execution, for the reason that the said justice and county attorney believed the same had been paid. That in none of the cases in which such capias pro fine prepared had there been any return of the original commitment issued to said Wynne. That it was the custom of said Wynne, as constable, to allow persons who had committed to him for the payment of fine and costs to go at large and make payment of the fine and costs due under the commitment to him in installments. That no testimony was offered to show whether such fine and costs covering the cause herein sued on had in fact been actually paid to said Wynne, except in some instances within the personal knowledge of said justice of the peace. And no testimony was offered by defendants herein to show that any of said fines and costs had not been collected by said Wynne."

The appellants assigned error as follows:

"The court erred in holding that an officer receiving a commitment is liable on his official bond for the amount unpaid of the fine and costs stated in such commitment when such officer fails to execute such commitment regardless of whether he collects same or not, as shown by his first conclusion of law filed."

"The court erred in holding that it is not necessary for plaintiff to cover in this cause to establish that any portion of the fines and costs have actually been paid to the officer, as found in his third conclusion of law filed."

"The court erred in rendering judgment in favor of plaintiff and against these defendants, bondsmen, for the amount sued for because there was no evidence showing a breach of the conditions of the bond by the defendant Wynne, the principal of said bond, rendering these bondsmen liable for any sum sued for in that it was not shown that any of the sums mentioned in plaintiff's cause of action had ever been collected by the officer or that he had failed to remit all sums collected by him."

The case is ruled by the decision of this court in the case of Spradley v. State, 23 Tex. Civ. App. 20, 56 S. W. 114–442, in which writ of error was refused by the Supreme Court, and which is exactly in point. The facts in this case are stronger against appellants than in the case cited in that in the present case commitments were issued in every case and given to the constable, none of which was ever returned. We can add nothing to what is said by Chief Justice Garrett in the opinion of the court in the case cited.

The assignments of error are without merit and are overruled. Finding no error, the judgment is affirmed.

Affirmed.