

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 10, 1952

Hon. Darwin L. Wilder          Opinion No. V-1548
County Attorney
Denton County                  Re: Authority of a constable
Denton, Texas                      to accept bond before
                                   trial from a prisoner
                                   who has been placed in
                                   county jail in the sher-
                                   iff's custody and his
                                   authority to accept such
                                   prisoner's fine after
Dear Sir:                          conviction.

        Your request for our opinion concerning mis-
demeanor cases reads in part as follows:

        "(1) May a constable, after a prisoner
has been placed in the County Jail in custo-
dy of the sheriff, accept bond before trial?
(2) After conviction and while prisoner is in
jail and custody of sheriff, may the constable
accept fine and commission?"

        "FACTS: The sheriff and constable are
in disagreement as to who should accept
bond or receive credit (commissioner) for a
fine in misdeameanor cases, usually D.W.I.
and liquor violations. The sheriff, as
custodian of the jail and prisoners, thinks
that the constable should not be allowed to
approve the bond and release the prisoner.
He further thinks that when the man has been
convicted and placed in jail to lay a fine
out, but later his friends pay him out, that
he, the sheriff, should be the proper person
to receive the fine and collect the commission."

        Article 5116, V.C.S., provides in part:

        "Each sheriff is the keeper of the jail
of his county. He shall safely keep therein
all prisoners committed thereto by lawful
authority, subject to the order of the proper

court, and shall be responsible for the
safe keeping of such prisoners. . . ."

Article 42, V.C.C.P., provides:

"When a prisoner is committed to jail
by warrant from a magistrate or court, he
shall be placed in jail by the sheriff. It
is a violation of duty on the part of any
sheriff to permit a defendant so committed
to remain out of jail, except that he may,
when a defendant is committed for want of
bail, or when he arrests in a bailable case,
give the person arrested a reasonable time
to procure bail; but, he shall so guard the
accused as to prevent escape."

Clearly a constable may accept and approve a
bond in a misdemeanor case where he makes the arrest
after a warrant is issued and before the defendant is
placed in jail. Arts. 270 et seq., 286, 454, V.C.C.P.
However, after the defendant has been placed in jail
we believe the above quoted statutes confer exclusive
jurisdiction in the sheriff of all prisoners who have
been placed in his custody and lodged in jail. There-
fore, it is our opinion that a constable may not accept
bond before trial of a defendant charged with a mis-
demeanor after the prisoner has been placed in the
county jail in custody of the sheriff.

The statutes which are pertinent to your
second question are Articles 787, 788, 789, 795, 796,
797, and 783, V.C.C.P. and provide as follows:

Art. 787. "When a judgment has been rendered
against a defendant for a pecuniary fine, if
he is present, he shall be imprisoned in jail
until discharged as provided by law. A
certified copy of such judgment shall be
sufficient to authorize such imprisonment."

Art. 788. "When a pecuniary fine has been
adjudged against a defendant not present, a
capias shall forthwith be issued for his
arrest. The sheriff shall execute the same
by placing the defendant in jail."

Art. 789. "Where such capias issues, it shall state the rendition and amount of judgment and the amount unpaid thereon, and command the sheriff to take the defendant and place him in jail until the amount due upon such judgment and the further costs of collecting the same are paid, or until the defendant is otherwise legally discharged."

Art. 795. "When, by the judgment of the court, a defendant is to be imprisoned in jail, a certified copy of such judgment shall be sufficient authority for the sheriff to place such defendant in jail."

Art. 796. "A capias issued for the arrest and commitment of one convicted of a misdemeanor, the penalty of which or any part thereof is imprisonment in jail, shall recite the judgment and command the sheriff to place the defendant in jail to remain the length of time therein fixed; and this writ shall be sufficient to authorize the sheriff to place such defendant in jail."

Art. 797. "A defendant who has remained in jail the length of time required by the judgment shall be discharged. The sheriff shall return the copy of the judgment, or the capias under which the defendant was imprisoned, to the proper court, stating how it was executed."

Art. 783. "When the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution and that the defendant, if present, be committed to jail until such fine and costs are paid; or if the defendant be not present, that a capias forthwith issue, commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; also, that execution may issue against the property of such defendant for the amount of such fine and costs."

Hon. Darwin L. Wilder, page 4 (V-1548)

It is seen from the above statutes that the sheriff is required to imprison the defendant in such a case upon a commitment being issued. The "commitment" which the sheriff executes in such cases is a certified copy of the judgment, if the defendant is present, as provided in Article 787, supra. If in such a case the defendant is not present, the "capias" as authorized by Article 788 and 789, supra, is issued and is the commitment.

It would appear that the sheriff has exclusive custody and jurisdiction of such prisoners placed in his custody and lodged in the county jail. Further, he is required by Article 797, supra, to make a return to the proper court showing how the commitment has been executed. The sheriff and his bondsmen are liable on the sheriff's official bond for the fine and costs until they are paid or otherwise legally discharged in such cases. Spradley v. State, 56 S.W. 114 (Tex.Civ.App. 1900, error ref.). Since the sheriff is liable for the collection of the fine and costs and further since he is required by Article 797, supra, to make a return showing how the commitment has been executed, we agree with you that the sheriff is the proper person to collect the fine and costs in misdemeanor cases where the defendant has been placed in the county jail, and the constable is unauthorized to collect same. In such cases the sheriff receives credit for the release fees.

## SUMMARY

When a prisoner charged with a misdemeanor has been arrested by a constable and placed in county jail in the custody of the sheriff, the sheriff is the proper person to accept and approve bail bond pending trial. Art. 42, V.C.C.P.

After the defendant has been convicted, given a fine, and placed in jail for failure to pay the fine, the sheriff is the proper

person to accept the payment of the fine
and receive credit for release fee when
the payment is made.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

By *Bruce Allen*

Bruce Allen
Assistant

Charles D. Mathews
First Assistant

BA:am