## L. S. SHRADER v. THE STATE.

Where a party accused of murder had been brought before the chief justice, and the record showed that he had ordered the defendant to enter into bond for his personal appearance at the next term of the court, setting out time and place; and, in default of his executing the bond, that he be committed to the jail of the county, to await the further action of the law in such cases made and provided, the court will presume that the magistrate did his duty, and that he committed him to the custody of the sheriff, who afterwards took from the accused a bond.

After the defendant was committed to jail, the sheriff had the authority, and was bound by the law, to take and approve the bond in such sum as the magistrate had prescribed. (Paschal's Dig., Art. 2761.)

Where the proceedings to forfeit the bond had been regular, and the judgment *nisi* regularly entered, the defendant could not be heard, upon the return of the *scire facias*, to plead the *ab initio* doctrine that the magistrate had no right to commit him, the sheriff to take the bond, the court to forfeit it, and enter the judgment *nisi*, the district court to make that judgment final, or this court to revise the proceeding. This court cannot say that there neither is nor has been a state government in existence.

APPEAL from McLennan. The case was tried before Hon. THOMAS HARRISON, one of the district judges.

The proceeding was upon a forfeited bail bond, and the facts are sufficiently stated in the opinion of the court.

The *ab initio* plea, upon which the opinion principally turned, read as follows: "And answering hereto said

Shrader says, that he is not liable to the State of Texas on his bond in this cause, because said officer taking and approving said bond had no power under the law to demand of and from said German and his security, Shrader, that he give said bond, and no power to approve said bond, and to set said German at liberty on said bond. And especially said Shrader alleges and says, that Robert J. Talley, the sheriff of McLennan county, Texas, who took and approved the bond of said German, and in which this security is claimed to be liable, had no power under the law to take and approve the bond aforesaid; that he did not have said German in custody under a *mittimus* or from any officer authorized by the laws of the state to commit said German to jail, or to take the bond given in this cause at the time it was taken. And further, specially pleading, the defendant, L. S. Shrader, specially denies the power, in law, of said Robert J. Talley, sheriff of McLennan county, at the time and date of said bond, to demand of or to receive of and from said German and this security said bond in this case forfeited *nisi;* and of these facts he puts himself, for the law, upon the court, and for the facts upon his country."

The judgment having been made final, Shrader appealed.

*L. S. Shrader,* for himself.

*William Alexander, Attorney General,* for the State.

LINDSAY, J.—On the 5th of February, 1866, one Grandison F. German was brought before the chief justice of McLennan county by warrant of arrest, issued on the 3d of February, 1866, upon a complaint made against him for the murder of one Newton P. Webb. Upon examination of the charge and hearing all the evidence adduced, the chief justice adjudged that the accused was guilty of the charge, and that he should execute a bail bond in the pen-

alty of $2,000 for himself and $2,000 for two or more sureties, for his personal appearance at the next term of the district court of that county, (specifying the time when said court would be held,) and, in default of his executing said bond, that he be committed to the jail of the county, to await the further action of the law in such cases made and provided. Presuming, as we always must, till the contrary appears, that the officers intrusted with the execution of the laws have discharged their duty, we suppose, upon the judgment of the court being pronounced, the accused was committed to the custody of the sheriff.

The judgment of the court was a *mittimus* in itself, and was an order to its ministerial officer, the sheriff, to take the party accused into his custody till the bond was executed, or to put him in jail if he failed to execute the bond in a reasonable time. And if, after he was placed in jail, he was prepared at any time to execute the bond, the sheriff had the authority, and was bound by law, to take and approve it. (Code Crim. Pro., Art. 294.) It appears by the record that the bond was taken and approved by the sheriff on the 16th day of January, 1866. The bond, together with the proceedings before the chief justice, was filed in the district court; and, on the 21st of May, 1866, a forfeiture of the bail bond was taken, for failure of the accused to appear, according to the stipulations of the bond. On the 14th of September, 1866, citation was issued against the sureties, L. S. Shrader, the plaintiff in error, and D. R. Cox, notifying them of the forfeiture, and requiring them to show cause why said forfeiture should not be made final. This citation was executed on L. S. Shrader on the 12th day of October, 1866. On the 12th day of November, 1866, the plaintiff in error appeared and answered in writing; and the nature of that response is simply that the citation was not properly issued and authenticated, and not executed and returned as the law directs. In what respect these deficiencies exist is neither made apparent

by the response, nor does it appear in any part of the record. But, further answering, he seeks to put in issue the legitimacy of the public authority, whose aid he invokes by his pleadings, and gravely calls upon that public authority to stultify itself, or to become a *felo-de-se*. It is insisted by the plaintiff in error that, at the time the judgment of forfeiture of the bail bond was made final, the officer had no power to render such judgment—in fact, that there were no officers at all authorized to act in any legal way in Texas, because there was no legal state government, and hence all the steps taken in the progress of the prosecution of the accused were null and void; that the convention of the people, and the measures adopted by it, were not sanctioned by Congress, and was therefore altogether nugatory. Certainly some sort of government of the state did exist in fact, but whether legal or illegal, was a political rather than a judicial question, and the courts constituted under such government in fact cannot be called upon to act as arbiters to settle the question of its legality or illegality. Their province is to adjudicate and determine questions arising under the administration of the political power from whence they derive their authority. If they are appointed as state officers, they are bound to recognize the existence of the state. But the political power of the nation has already recognized the existence of the state, with all its officers, together with its municipal laws and regulations, and has given its sanction to them, to be continued as rules of conduct for the government of its citizens, retaining its own paramount authority over both its officers and its laws· until the great purposes of national safety and repose can be effectually secured. As long as those laws exist, unrevoked and unrepealed by the paramount political authority in this nation, our duty is to interpret them and administer them as they are.

It is contended by plaintiff in error that he was entitled

in the court below to a trial by jury upon an issue of fact raised by his pleadings in undertaking to moot the question of the legitimacy of the state government and the officers acting under it. From what we have already said, it is apparent that such an issue was altogether immaterial. The only material issue of fact, which could have been properly made as a defense against making the judgment of forfeiture final, was the sufficient cause for the failure of the accused to make his personal appearance in court according to the terms and the stipulations of the bond. Failing in this, the amount in the bond being fixed and a liquidated sum, it did not require the intervention of a jury to settle any fact in the case. Wherefore the judgment of the district court is

Affirmed.