**Jerry REED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 222–90.**

Court of Criminal Appeals of Texas, En Banc.

May 15, 1991.

John H. Hagler (on appeal only), Dallas, for appellant.

John Vance, Dist. Atty., Kathleen A. Walsh and Colleen Doolin, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

MALONEY, Judge.

We granted the State's Motion for Rehearing to re-examine our opinion on original submission.[1] Our prior opinion is withdrawn.

Appellant was charged by indictment with possession of a controlled substance, heroin, TEX.HEALTH & SAFETY CODE ANN. § 481.115(a)–(b) (Vernon 1990), enhanced by a prior conviction for burglary,[2] V.T.C.A. Penal Code, § 12.42(c). The appellant pled guilty and the trial court assessed punishment at twenty (20) years confinement in the Texas Department of Criminal Justice, Institutional Division (TDCJID).[3] The Fifth Court of Appeals reversed appellant's conviction as to punishment in a published opinion, *Reed v. State,* 785 S.W.2d 412 (Tex.App.—Dallas 1990).

Appellant claimed on direct appeal that the trial court erred in overruling his objection to admission of a penitentiary packet from the TDCJID which contained a copy of the judgment and sentence of appellant's previous conviction for burglary. Appellant argued that the copies of the judgment and sentence were inadmissible because, although they were certified by the custodian of records at the TDCJID, they did not reflect a separate certification by the district clerk of the original convicting court in Dallas County. Based on this Court's opinion in *Dingler v. State,* 768 S.W.2d 305 (Tex.Cr.App.1989), the court of appeals held that the pen packet should not have been admitted because the copy of the judgment and sentence contained therein did not reflect certification from the district clerk of the convicting court.

*Dingler* held that the copy of the judgment and sentence in the pen packet, in order to be admissible as self-authenticated document(s), must reflect that the original copy received by TDCJID was certified by the district clerk of the convicting court. *See Dingler,* supra, at 306. *Dingler* was predicated upon TEX.REV.CIV.STAT. ANN. art. 3731a[4], now repealed, and not

---

1. TEX.R.APP.P. 200(c)(1) and (4).

2. The indictment charging appellant with possession of heroin contained two enhancement paragraphs. The trial court found the allegations in the first enhancement paragraph to be not true. The trial court found the second enhancement paragraph, which alleged that appellant had been convicted of burglary in 1974, to be true.

3. The Texas Department of Criminal Justice, Institutional Division (TDCJID) was formerly known as the Texas Department of Corrections (TDC).

4. Article 3731a, now repealed, provided in pertinent part:
   Section 1. Any written instrument ... made by an officer of this State or of any governmental subdivision thereof, or by his deputy, ... in the performance of the functions of his office and employment *shall be, so far as relevant, admitted in the courts of this State as evidence of the matter stated therein,* ...

   .    .    .    .    .

   Section 4. *Authentication of Copy*
   Such writings ... *may* be evidenced ... by a copy or electronic duplication *attested by the officer having legal custody* of the record, or by his deputy. *Except in the case of a copy of an official writing* or official electronic re-

cording *from a public office of this State* or a subdivision thereof, *the attestation shall be accompanied with a certificate that the attesting officer has the legal custody of such writing.* If the office in which the record is kept is within the United States ..., the certificate may be made by a judge of a court of record of the ... political subdivision in which the record is kept, authenticated by the seal of his office ...

   Sec. 6. *Other Proof*
   This rule does not prevent the proof of official records or of entry or lack of entry therein by any method authorized by an applicable statute or by the rules of evidence at common law. (Emphasis added).
   TEX.REV.CIV.STAT.ANN. art. 3731a, repealed, effective September 1, 1986 by order of the Court of Criminal Appeals adopting the Texas Rules of Criminal Evidence regarding criminal cases. TEX.REV.CIV.STAT.ANN. art. 1811f § 9(a)(3).
   *Dingler* relied on language in *Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App.1980), as support for the proposition that separate certification by the district clerk of the judgment and sentence is required for authentication, but *Todd* did not specifically hold this. In *Todd,* the judgment and sentence had in fact been certified by the district clerk and this Court detailed this point in passing upon the sufficiency of the evidence

on the current Texas Rules of Criminal Evidence 901 and 902. The rule of *Dingler* has been carried forward, however, in cases construing Rules 901 and 902.[5]

■ We have reconsidered the *Dingler* opinion and find that it is no longer valid in light of Rules 901 and 902, is inconsistent with prior Texas case law,[6] and is also inconsistent with the federal cases decided under the federal rules of evidence,[7] which are the source of Rules 901 and 902 of the Texas Rules of Criminal Evidence. *Dingler* goes the way of former Art. 3731a, § 4, V.A.C.S., now repealed, and is overruled.

to sustain the enhancement allegation. *See Todd,* 598 S.W.2d at 291–293. The Court was not faced with the issue of whether omission of the district clerk's certificate would preclude authentication by the TDCJID record clerk.

5. *See, e.g., Rodasti v. State,* 786 S.W.2d 294 (Tex.Cr.App.1989) (*Rodasti II*), remanding *Rodasti v. State,* 749 S.W.2d 161 (Tex.App.—Houston [1st Dist.] 1988) (*Rodasti I*), resulting in *Rodasti v. State,* 790 S.W.2d 379 (Tex.App.—Houston [1st Dist.] 1990, pet. filed) (*Rodasti III*).

6. *See Johnson v. State,* 720 S.W.2d 877 (Tex.App.—Texarkana 1986, no pet.) (admission of pen packet certified by record clerk of TDCJID properly authenticated under former article 3731a, Tex.Rev.Civ.Stat., and admissible over objection that conviction required additional certification from original convicting court); *Garza v. State,* 705 S.W.2d 818, 820 (Tex.App.—San Antonio 1986, no pet.) (same). *See also, Aaron v. State,* 546 S.W.2d 277, 278 (Tex.Cr.App. 1976) (Louisiana pen packet properly authenticated where certified by the record clerk of Louisiana State Penitentiary and attested by Secretary of State of Louisiana).

For a broader overview of the cases decided under former article 3731a, and the confusion and criticisms engendered after *Dingler, supra,* see the dissenting opinion filed by Judge Onion in *Handspur v. State,* 792 S.W.2d 239, 241 (Tex. App.—Dallas 1990, pet. filed). One discrepancy in prior caselaw is that some courts have held the entire pen packet inadmissible under the *Dingler* rationale while others have held only the uncertified copies of the judgment and sentence inadmissible. *See and cf. Henderson v. State,* 788 S.W.2d 621 (Tex.App.—Houston [14th Dist.] 1990, pet. pending) and *King v. State,* 790 S.W.2d 678 (Tex.App.—Tyler 1989, pet. pending on other grounds). Our holding in the instant case is that certification by the record custodian of the pen packet to the effect that a document or documents therein are true and correct copies of the original or original copies on file with the custodian, will provide sufficient authentica-

In the usual case where this issue arises, there are two separate sets of records of the judgment and sentence—the district clerk of the convicting court retains the originals of the judgment and sentence on file in that court and sends a certified copy to TDCJID which, in turn, retains the certified copies as part of the inmate's permanent file in the penitentiary. *See* V.A.C.C.P. art. 42.09 § 8 (Copies of the judgment and sentence are delivered to the Director at the time a convicted defendant is transferred to the TDCJID).[8] The district clerk is the legal custodian of the originals on file in the convicting court and

tion for admission of the document or documents.

7. *See United States v. Darveaux,* 830 F.2d 124, 125 (8th Cir.1987) (copy of prior conviction in TDCJID pen packet was properly authenticated by the TDCJID record clerk, in accordance with Federal Rule of Evidence 902(4)); *United States v. Dancy,* 861 F.2d 77, 79–80 (5th Cir.1982) (copy of prior conviction in pen packet from California Department of Corrections properly authenticated under Rule 902(4) where certified by record clerk of CDC). Both cases are discussed in the text, *infra.*

8. Article 42.09 § 8 sets out in pertinent part:
Section 8.
(a) A county that transfers a defendant under this Article shall deliver to the director of the department:
(1) a copy of the judgment entered ...
(8) a copy of the indictment or information for each offense ...
(b) *The Department of Corrections shall not take a defendant into custody under this Article until the director receives the documents required by Subsections (a) and (c) of this section ...* (emphasis added).

As the dissent points out, section 8 of Article 42.09 was not enacted at the time of Reed's commitment in 1974. In the 1974 version, a defendant was to be delivered to jail or to the Department of Corrections on the basis of a "commitment." The term "commitment" has long been treated by the courts as synonymous with judgments and sentences. *See, e.g., Todd v. State,* 598 S.W.2d 286, 292 (Tex.Cr.App.1980) (the term "commitment" includes judgments and sentences) and citations therein; *Ex parte Collier,* 156 Tex.Cr.R. 377, 243 S.W.2d 177 (1951) ("the sentence is a final judgment ... [that] should further convey to the penitentiary authorities clear and unequivocal orders of the trial court so that they may know definitely how long to detain the convict"); *Shrader v. State,* 30 Tex. 386 (1867) (the order of the court is itself a mittimus).

the records clerk at TDCJID is the legal custodian of the certified copies on file at the penitentiary. Typically, the State introduces the certified copies contained in the penitentiary file or "pen packet" to prove the prior conviction for enhancement purposes.[9]

Previously, under *Dingler* and its construction of Article 3731a, TEX.REV.CIV. STAT.ANN., this Court required that the copies in the pen packet reflect the certification by the clerk of the convicting court in order to be admissible as properly authenticated documents. *Dingler*, 768 S.W.2d at 306. The problem arises when, as in this case, the copies of the judgment and sentence do not reflect certification by the convicting court clerk, but only by the record clerk at TDCJID.[10] The question then is whether Rule 901 or 902 of the Texas Rules of Criminal Evidence requires that the custodian who certifies the records must be custodian of the *original* records, or if certification by the custodian of a set of copies is likewise sufficient.[11]

Neither Rule 901 nor 902 expressly provides that the certifying custodian of a document may only be the custodian of the original record. Certification by the records custodian as a means of authentication is specifically addressed in Rule 902, which provides that certain types of documents are self-authenticating. Rule 902 states in pertinent part:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> .   .   .   .   .
>
> (4) *Certified copies of public records.* A copy of an official record ... certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraphs (1), (2), or (3) of this rule....

Paragraph (2) of the rule provides that a document certified in accordance with paragraph (4), *supra,* but not under seal, will be self-authenticating if a public officer having a seal certifies that "the signer has the official capacity and that the signature is genuine." Tex.R.Crim.Evid. 902(2).

The copies of the judgment and sentence in the pen packet in the instant case were certified by the record clerk of the TDCJID in accordance with 902(4). The clerk attested as follows:

> That I am the Record Clerk of the Texas Department of Corrections, a penal institution of the State of Texas, situated in the County and State aforesaid. That in my legal Custody as such officer are the original files and records of persons heretofore committed to said institution: that the (x) photograph (x) fingerprints

---

**9.** This is but one method employed by the State as a means of proving up a prior conviction. For a delineation of other methods analyzed in the caselaw, see the dissenting opinion filed by Judge Onion in *Handspur v. State,* 792 S.W.2d 239, 241 (Tex.App.—Dallas 1990, pet. filed).

**10.** Apparently, the problem with respect to omission of the convicting court clerk's certificate is that, sometimes when the TDCJID custodian of records copies the sentence and judgment for pen packet purposes, only the face of the documents are photocopied, even though the certification by the clerk typically appears on the back of the documents. The result is a lack of a showing of the convicting court clerk's certification. *See Henderson v. State,* 788 S.W.2d 621, 623 (Tex.App.—Houston [14th Dist.] 1990, pet. filed). All that remains is the certification by the TDCJID records clerk, and accompanying attestations thereto.

**11.** Although authentication is but one possible evidentiary hurdle for admission of a document into evidence, the only objection lodged by the appellant at trial was that of improper authentication. The question of the "best evidence" or requirement of the original, covered in Article X of the Texas Rules of Criminal Evidence, was not raised in the instant case. "Presentation of any document as evidence potentially presents at least three issues: authentication, best evidence, and hearsay ... Rule 901(b)(7) treats only [authentication] ... [t]he best evidence problem is treated in Rule 1005, and the hearsay problem is treated in Rules 803(8)–(10), (14), and (22)–(23)." (footnotes omitted). *See* 33 S. Goode, O. Wellborn, & M. Sharlot, *Texas Practice—Guide to the Texas Rules of Evidence: Civil and Criminal* § 901.9 (1988).

However, Rule 1005 provides that a copy of a public record will be admissible in place of the original where the copy is certified in accordance with Rule 902. *See* Tex.R.Crim.Evid. 1005. Since our holding today is that the copies of the judgment and sentence certified by the TDCJID record clerk comply with Rule 902(4), *ipso facto,* the copies are receivable into evidence in lieu of the original under Rule 1005.

and (x) commitments, including judgement and sentence, of Jerry Keith Reed TDC # 243306 CAUSE # C74–5767–PH, C73–1115–NH, C74–3908–PH a person heretofore committed to said penal institution and who served a term of imprisonment therein; that I have compared the attached copies with their respective originals now on file in my office and each thereof contains, and is a full, true, and correct transcript and copy from its said original.[12]

This statement was dated and signed by the record clerk. The record clerk's certification is then attested by the presiding judge of the county court of Walker County in which the TDCJID is located. In accordance with Rule 902(2), Tex.R.Crim. Evid., the judge certified under seal that the record clerk of TDCJID is the legal custodian of the records and that the signature is genuine. The judge's certificate is further attested by the county clerk, who certified that the judge was authorized by law to execute the certificate.

■ In construing the Texas Rules of Criminal Evidence, which were patterned after the Federal Rules of Evidence, we are guided by federal cases interpreting the federal rules, although not bound thereby. *See* C. Miller, Texas Rules of Evidence: Article V. Privileges, 16 VOICE FOR THE DEFENSE 40 (October 1986); S.H. Clinton, Texas Rules of Evidence: Genesis and General Provisions, 16 VOICE FOR THE DEFENSE 26 (October 1986). Federal courts have held that a proper certification by the custodian of records at a state correctional institution is sufficient authentication under Rule 902(4) of a copy of a prior conviction contained in that institution's files.

In *United States v. Darveaux*, 830 F.2d 124 (8th Cir.1987), the court held that the record clerk of the TDCJID was legal custodian of the pen packet containing copies of the defendant's prior conviction, and that the conviction record, certified by the TDCJID record clerk, was therefore self-authenticating in a subsequent prosecution. Likewise, in *United States v. Dancy*, 861 F.2d 77 (5th Cir.1988), the court held that the documents in the defendant's pen packet prepared by the California Department of Corrections and certified by the CDC record clerk, including copies of the defendant's prior criminal judgment and fingerprint card, were self-authenticating in a subsequent prosecution.[13] We are persuaded that the rationale of the federal courts on this point is correct and we therefore hold that the TDCJID record clerk's certification of the pen packet copies of the judgment and sentence constitutes proper authentication in accordance with Rule 902(4) of the Texas Rules of Criminal Evidence.

While a document may be properly authenticated under either of Rules 901 or 902, and need not be authenticated under both, we nevertheless address authentication under Rule 901. Rule 901(a) simply sets out the general rule that the requirement of authentication is satisfied by extrinsic evidence that the matter in question is what its proponent claims, without limiting the type of extrinsic evidence which may be used. Rule 901(b) then provides several illustrations of the type of extrinsic evidence which would satisfy the requirement of authentication. One of the illustrations, example (7), specifically addresses "Public records and reports," and provides that authentication is established by "[e]vidence that a writing authorized by law to be recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept." Tex.R.Crim.Evid. 901(b)(7).

---

**12.** Only Cause # C74–5767–PH was used for enhancement purposes. One of the prior convictions alleged by the State was found to be not true after the defense objected based on the fact that there was no written waiver in the court's jacket although the judgment on its face recited a waiver.

**13.** The court in *Dancy* rejected the defendant's argument that the pen packet from the California Department of Corrections was not recorded or filed in a "public office" because Rule 902(4) does not require that "official records" must be recorded or filed in a public office to be self-authenticating. *Dancy,* 861 F.2d at 79. Thus, the court did not address the issue of whether CDC is a "public office."

■ Thus, one means of authenticating a public record under 901 is showing that the document is from a public office authorized to keep such a record. 5 J. Weinstein & M. Berger, Weinstein's Evidence § 901(b)(7), at 901–98 (1990). In the instant case, it seems clear that TDCJID is authorized to keep the records, given the fact that TDCJID relies on these records as its basis for admitting a prisoner and holding him in custody. The only remaining fact which must be established under 901(b)(7) is that TDCJID is a "public office." [14] If so, then the records are properly authenticated under 901(b)(7) by virtue of the TDCJID record clerk's certification that the copies of the judgment and sentence contained in the pen packet are "full, true and correct ... cop[ies]."

■ However, we need not decide whether TDCJID is a public office, as example (7) is not the only means by which authentication can be accomplished under Rule 901. *See, e.g., United States v. Jimenez Lopez,* 873 F.2d 769 (5th Cir.) (conclusive proof of authenticity before allowing admission of disputed evidence not required; Rule 901 does not limit type of evidence allowed to authenticate a document, merely requires some evidence sufficient to support a finding that evidence in question is what the proponent claims). The fact that the records are correct copies of those upon which TDCJID relies in admitting and detaining prisoners at the state correctional facility constitutes extrinsic evidence that the records are what the proponent claims them to be. *See* Tex.R.Crim.Evid. 901(a). Were the copies upon which TDCJID relies

fraudulent in some respect, custody of the prisoner would be questionable, if not unlawful. The probabilities are relatively low that the TDCJID records would be false or fraudulent, even though they do originate from another source, the convicting court. *See generally* 5 Weinstein & Berger, Weinstein's Evidence—United States Rules § 901(b)(7)[01] at 901–97 to 901–98 (1983) (presumption of regularity attaches to administration of governmental affairs because falsification of public documents constitutes a breach of duty and, usually, a violation of the law).

The authenticity of the documents is further corroborated by the testimony of the State's expert witness who stated that the fingerprints from the fingerprint card in the pen packet and the fingerprints taken from the appellant on the morning of the punishment hearing were made by the same individual, the appellant. The opponent of the evidence is always free to challenge authenticity, of course, even under Rule 902. *See* Fed.R.Evid. 902 advisory committee note ("In no event is the opposite party foreclosed from disputing authenticity.") We hold that the TDCJID record clerk's certification of the pen packet copies of the judgment and sentence constitutes sufficient extrinsic evidence that the copies are authentic.

We find that the pen packet in the instant case was sufficiently authenticated in accordance with Rules 901 and 902(4) of the Texas Rules of Criminal Evidence and properly admitted into evidence at the punishment phase of appellant's trial.[15] The State's motion for rehearing is granted, the

---

14. The dissent is concerned about the "public office" status of the TDCJID. Although we have found no case which specifically holds that TDCJID is a public office, the records of correctional institutions have been held to be "official records" or "public records." *See United States v. Locke,* 425 F.2d 313 (5th Cir.1970); *see also* 5 J. Weinstein & M. Berger, Weinstein's Evidence § 901(b)(7)(01), at 901–100 (1990) (correctional institution records are public records). An official record does not have to be available to the public. The Advisory Committee on the Federal Rules of Evidence had the opportunity to strike "official record" and substitute "a record kept in a public office and available to public inspection" but did not choose to do so. 5 Weinstein

& Berger, Weinstein's Evidence—United States Rules at 1005–10 (1983). *See Banco de Espana v. Federal Reserve Bank of New York,* 114 F.2d 438, 446 (2d Cir.1940) (faith in certified copies of official records based on assumption that oath and certificate of custodian reasonably reliable). *But see Amoco Production Co. v. United States,* 619 F.2d 1383 (10th Cir.1980) (mere fact that document is kept by governmental agency does not automatically qualify it as public record for purpose of authentication).

15. This opinion goes only to the admissibility of the evidence as properly authenticated, not to the weight to be given it.

State's ground for review is sustained, the judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.

CLINTON, Judge, dissenting.

The issue is whether the State proved beyond a reasonable doubt its allegations in an enhancement paragraph by admissible evidence in the form of a pen packet containing a purported copy of judgment and sentence which does not bear a certification by the clerk of the convicting court that they are correct copies of the judgment and sentence entered in the minutes of the trial court. See Attestation and Certificate and Judgment and Sentence in Appendix attached hereto. Convinced that the majority opinion grievously misconstrues and incorrectly applies pertinent rules of evidence I would affirm the judgment of the court of appeals. *Reed v. State,* 785 S.W.2d 412 (Tex.App.—Dallas 1990).

Those rules are, e.g., Tex.R.Cr.Evid. Rules 901(a) and (b)(7), 902(4) and 1005. "The authentication doctrines embodied in these provisions are not new; they existed at common law and under previous statutes in Texas." Goode, Wellborn & Sharlot, Guide to Texas Rules of Evidence, § 901.9, 33 Texas Practice 627; *accord:* Ray, Law of Evidence § 1591, 2 Texas Practice (1990 Pocket Part 87–88); Note of Advisory Committee to Federal Rule 901(b) (treatment of authentication and identification draws largely from experience embodied in common law and related statutes).

The majority finds the instant "pen packet" was "sufficiently authenticated in accordance with Rules 901 and 902(4) . . . and properly admitted into evidence at the punishment phase[.]" Slip Opinion, at 9. With deference, I respectfully dissent.

Rule 901 deals with "a special aspect of relevancy"—when relevancy of proffered evidence "depends upon its identity, source or connection with a particular person . . . or event." *Goode, Wellborn & Sharlot,* supra § 901.1, at 620; Note of Advisory Committee to Federal Rule 901(a). Compliance with the rule does not assure admission of the matter, for other rules may bar receiving it. *Ibid.* Tartt & Wolff, Article IX: Authentication and Identification, 20 Hous.L.Rev. 551, 555 (1983 Tex.R.Evid.Handbook).

Rule 901(a) merely provides a means for satisfying "a condition precedent to admissibility," and with Rule 901(b)(7) contemplates authentication or identification by *extrinsic* evidence, as opposed to self-authentication of a writing that is a matter of public record. See Rule 902 (extrinsic evidence not required for certified copy of public record under Rule 902(4)).

The first illustration of such extrinsic evidence is testimony from a witness with knowledge that the matter is what it is claimed to be. Rule 901(b)(1); 36 Tex. Jur.3d 123, § 366; 189, § 400; 190, § 401. Under Rule 901(b)(7) such evidence would be live testimony that the writing is authorized by law to be recorded or filed and in fact recorded or filed in a public office, or is a purported public record, and is from the public office where items of this nature are kept—in the sense that they are enrolled by and maintained in that public office. *Morris v. Wiley,* 378 S.W.2d 149, at 152 (Tex.Civ.App.—Austin 1964) writ refused n.r.e.; *Tartt & Wolff,* supra, 551, 566–567; *Goode, Wellborn & Sharlot,* supra § 901.9, at 627 (testimony of custodian); 36 Tex.Jur.3d 190, § 401; 228, § 417; 7 Wigmore, Evidence § 2158, 771 (Chadburn rev. 1978) (testimony by official custodian or private person, bringing record to court and identifying it), cited approvingly in Notes of Advisory Committee to Federal Rule 901(b)(7) (proof of custody); Black's Law Dictionary (Rev. Fourth Ed.1968) 1438.

In a criminal prosecution there is but one "judgment."[1]

---

1. On October 11, 1974, it was "the declaration of the court entered of record," former article 42.01, § 1, V.A.C.C.P.; on June 3, 1988, it was "the written declaration of the court signed by the trial judge and entered of record," Article 42.01,

§ 1, *id.* In both instances it is "entered of record" when the judgment actually rendered is "entered in the minutes of the court." *Jones v. State,* 797 S.W.2d 33 (Clinton, J., dissenting to denial of motion for rehearing at 35); *West-*

The sole official custodian of district court judgments entered of record is the clerk of court. V.T.C.A. Government Code, § 51.303(a) and (b).

To prove the content of any public record, including a judgment, the original is required except as otherwise provided in the rules of evidence or by law. Tex.R.Cr. Evid, Rules 1002 and 1005, the latter providing for a certified or "compared" copy.

Thus, extrinsic evidence under Rule 901(b)(7) showing a judgment rendered in district court is made from the minutebook in which it was entered through testimony of the clerk of court, the custodian in the public office where it is kept. "The production of the judgment by the clerk is sufficient prima facie proof of its authenticity." *Short v. Blair & Hughes Co.,* 230 S.W. 427, at 431 (Tex.Civ.App.—Dallas 1921), no writ history; Ray, Law of Evidence, § 1278, 1A Texas Practice 470 (minute book admissible to establish judgment of court); 7 *Wigmore, Evidence,* supra.[2]

In the instant cause the record conclusively demonstrates that the State did not call the district clerk as a witness to authenticate or identify from the minute book a prior judgment of conviction in the cause alleged in the enhancement paragraph, namely Cause No. C74–5767–PH. Indeed,

brook v. State, 753 S.W.2d 158 (Tex.Cr.App.1988) (Clinton, J., concurring at 160). Entering the judgment in the minutes affords "an enduring evidence of the judicial act ... thus furnishing external and incontestable evidence of the [decision rendered], and designed to stand as a perpetual memorial of [the court's] action." *Westbrook v. State,* supra, quoting prior opinions of the Court.

Similarly, a "sentence" is also a judicial act, an order of the trial court entered of record; once a separate instrument, it is now a part of the judgment. Article 42.02, V.A.C.C.P.

2. A statute permitting certified copies is merely cumulative, not restrictive. *Manning v. State,* 46 Tex.Cr.R. 326, 81 S.W. 957, at 960 (1904); Tex.Jur.3d § 400, 169. See *Goode, Wellborn & Sharlot,* supra § 901.9 (requisite showing by testimony of custodian inconvenient, so made by certified copy as prescribed in Rules 902(4) and 1005); *Hardware Mut. Casualty Co.,* 141 S.W.2d 972, at 975 (Tex.Civ.App.—Austin 1940), writ refused (under former article 3720, V.A.C.S, [since repealed by Tex.Cr.R.Evid.] judgment of

the State presented no *extrinsic* evidence whatsoever of the alleged former conviction for burglary; it relied solely on the paper included in the pen packet, State's exhibit 3, appended hereto, as being a certified copy.

Thus, the authentication or identification required as *a condition precedent* to admissibility of a proper judgment of conviction to support allegations in the enhancement paragraph was not satisfied in accordance with Rule 901(b)(7). The majority admits as much by retreating to generality of Rule 901(a), and then turns into "extrinsic evidence," for which there is no record support, "the fact that the records are true and correct copies of those upon which TDCJID relies in admitting and detaining prisoners[.]" Opinion, at 587. That alleged "fact," however, cannot be "extrinsic evidence" that such records are in fact true and correct copies of originals on file back in the office of the clerk of the convicting court.[3] There is no "extrinsic evidence" they are.

Rule 902(4), like Rule 901(a), merely provides an alternative means for satisfying "a condition precedent to admissibility," and coupled with Rule 1005 contemplates that a copy of an *original* official record or of an *original* document authorized by law to be recorded or filed and actually record-

court can be proved only by recorded instrument or duly certified copy thereof). Former article 3731a, V.A.C.S., likewise provided for admission of a recorded judgment, *id.,* § 1, or a certified copy attested to by the officer having legal custody thereof, i.e., the clerk of court, § 4.

3. The majority says Rule 901 does not "expressly" provide that "the certifying custodian of a document may only be the custodian of the original record." Opinion, at 585. But Rule 901 makes no provision whatsoever about a "certifying custodian," so of course, illustrations in 901(b)(9) do not remotely suggest that a written "certification" conforms with requirements of Rule 901(a). Indeed, the illustrative examples contemplate "testimony" or "evidence," and as already demonstrated with respect to a judgment of conviction under Rule 901(7) that means the official record produced by and live testimony from the clerk of the convicting court. Proper "certification" is a device under Rule 902; it substitutes for "extrinsic evidence" prescribed by Rule 901.

ed or filed in a *public office* must be certified as correct by the *custodian* or other person authorized by law to make the certification.

The public office in which the original record of a judgment is kept is the office of the clerk of court, the custodian of such records. See *ante* at 588, n. 1.

Turning to State's exhibit 3, appended hereto, it is at once manifest from the face of the Attestation and Certification that the purported judgment and sentence therein are not certified copies of an original official record of a judgment or of an original judgment actually recorded or filed in the public office of the clerk of court. Compare Rule 1005 in tandem with Rule 902(4).

The attesting record clerk certifies that he has custody of "original files and records of persons heretofore committed to [TDC] ... including judgment and sentence of [appellant];" that he has "compared the attached copies with their respective *originals now on file in my office* and each

thereof contains, and is a full, true and correct transcript and copy from its said original." [4]

Whatever else so-called "original" files and records of persons committed to TDC may contain, neither the purported judgment nor sentence in State's exhibit 3 is an "original" in the sense contemplated by Rule 1005. [5] If there be one, the original official record of judgment and sentence remains in the public office of the district clerk of Dallas County. Indeed, the majority recognizes and acknowledges as much by saying that Article 42.09, § 8(a)(1), V.A.C.C.P., requires a county to deliver to TDC "a *copy* of the judgment entered," while at the same time suggesting that the copy may have been actually certified by the clerk of the convicting court, but the certification was inadvertently omitted in making up the pen packet. Opinion, at 584, n. 8; at 585, n. 10. [6]

Yet, the fact of the matter is the "original" copy is not certified by the clerk of the convicting court. [7] At best it may be what

4. Given the declared policy of this state to manage TDC "in a manner consistent with the operation of a modern prison system," that the office of the records clerk of TDC is a "public office" within the meaning of pertinent rules of evidence *is* a doubtful proposition. See, e.g., V.T.C.A. Government Code, § 500.010 (restricting access by visitors including the Governor).

Also, as a matter of law, "[a]ll information obtained in connection with inmates of the institutional division ... shall be confidential and privileged information and shall not be subject to public inspection[.]" Article 42.18, § 18, V.A.C.S. See Texas Department of Corrections v. Dalehite, 622 S.W.2d 421 (Tex.Cr.App.1981). Moreover, such internal information is exempt from disclosure under the Open Records Act. Article 6252–17a, § 3(a)(1) and perhaps § 3(a)(8).

5. Rule 1005 reads:
   "The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed ..., if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 902 or testified *to be correct by a witness who has* compared it with the original. If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given."

6. Its reliance on that statutory provision is misplaced in this cause, however, for it was not in

effect on October 24, 1974, when according to a truly certified copy of an original fingerprint card appellant was admitted to TDC. See Acts 1985, 69th Leg., Ch. 344, p. 1411, §§ 3 & 4, effective January 1, 1986.

To surmise that a certification by the clerk of convicting court "typically appears on the back of a [judgment]" and then justify its absence on a pen packet "copy" is utterly to disregard the sworn attestation by the record clerk that he "compared the attached copies with their respective originals now of file ... and each thereof ... is a *full, true and correct transcript and copy from its said original.*" We should not so lightly presume that which is contrary to an attestation to uphold a finding of "true" by a trier of fact that deprives a citizen of his liberty.

Ironically, the proof positive in this cause from Dallas County was and still is readily available *not too far away in the public office of* the district clerk of Dallas County. The *public record* will reveal whether there is such a conviction as alleged in the enhancement paragraph.

7. Further, there is nothing on its face to indicate that the original was ever entered in the minutes or recorded in the public record in or came from the public office of the court clerk. The paper does not bear a signature of the trial judge; it does not show a file mark by the clerk; it has no notation of recordation in the minute book. The purported copy is simply a printed form with blanks apparently filled in by a someone using a typewriter.

Rule 1001(4) describes as a "duplicate." However, Rule 1005 supplants Rules 1001–1004 with respect to public records. *Goode, Wellborn & Sharlot,* supra, § 1005.1, at 667.

> "[Rule 1005 prefers] not a duplicate, but a special type of secondary evidence, a certified or a compared copy. Note that a certified copy may or may not be a duplicate as defined in Rule 1001(4); that is immaterial. If it is a certified or compared copy, it is admissible under Rule 1005, whether or not it is a duplicate; if it is not certified or compared, it is not admissible even if it is a duplicate."

Therefore, even if the record clerk received what he believed to be a duplicate "copy" of judgment and sentence, since it was not certified by the clerk of the convicting court and the record clerk does not claim he compared the duplicate in his possession with the full, true and correct original record in the public office of the clerk of the convicting court, his attestation of a copy from "its said original" on file in his office is immaterial. It proves nothing about the original judgment and sentence entered in the minutes of the convicting court.

The decision of this Court in *Dingler v. State,* 768 S.W.2d 305 (Tex.Cr.App.1989) is correct. The opinion of the court of appeals in this cause, *Reed v. State,* supra, is correct. For reasons stated herein the opinion of the majority in this cause is incorrect.

Accordingly, I would affirm the judgment of the court of appeals, and because the majority does not and the potential for unreliable records it thus fosters is far too risky, I dissent.[8]

---

**8.** To hold that State's exhibit 3 is "evidence sufficient to support a finding that the matter in question is what its proponent claims," i.e., a judgment of conviction in cause number C74–5767–PH in the Criminal District Court of Dallas County, is to provide opportunities for hands of persons inclined to mischief and to create precedent for future followings that are virtually limitless. It is common knowledge that purported copies of judgments in criminal cases find their way into files and records of other state agencies, e.g., Department of Criminal Justice, pardons and paroles division; probation offices; sheriffs' offices, and sundry law enforcement agencies. Indeed, the Department of Criminal Justice is charged with establishing a Criminal History Record System. See Chapter 60, V.A.C.C.P.

Under today's decision a "records clerk" in any and every such office may certify an otherwise unauthenticated "copy" of an "original" judgment of conviction "on file in my office," and it will be admissible evidence to support allegations in an enhancement paragraph. Thus the presumption of regularity relied on by the majority, opinion, at 587, becomes a weak, slender reed of hope.

# APPENDIX

Section 1739, Title 28 U.S. Code, Act of June 25, 1948, c.646,62 Stat. 869,947

U.S. Rev. Statutes, Sec. 906. Attestation by Custodian, Certificate of Presiding Judge Certificate of Clerk to official character of Judge.

THE STATE OF TEXAS

I,................................................................HEREBY CERTIFY

S.O. Woods, Jr.

COUNTY OF WALKER

THAT I AM THE Record Clerk of the Texas Department of Corrections, a penal institution of the State of Texas, situated in the County and State aforesaid. That in my legal Custody as such officer are the original files and records of persons heretofore committed to said institution: that the ( X ) photograph ( ) fingerprints and ( X ) commit-ments, including judgement and sentence, of..................................................

JERRY KEITH REED TDC#243306 CAUSE#C74-5767-PH,C73-1115-NH,C74-3908-PH

person heretofore committed to said penal institution and who served a term of imprisonment therein: that I have compared the attached copies with their respective originals now on file in my office and each thereof contains, and is a full, true, and correct transcript and copy from its said original.

IN WITNESS WHEREOF, I have hereunto set my hand seal this........3rd.........
day of ...JUNE..... , 19 ..88..

.............................................. , Record Clerk

THE STATE OF TEXAS

I,........................................... PRESIDING JUDGE OF

Frank J. Robinson

COUNTY OF WALKER

THE COUNTY COURT, do hereby Certify that.................................

S.O. Woods, Jr.

..................................................................................................................., whose name is subscribed to the above Certificate, was at the date thereof, and is now Record Clerk of the Texas Depart-ment of Corrections, and is the legal keeper and the officer having the legal custody of the original records of the said Texas Department of Corrections: that the said Certificate is in due form and that the signature sub-scribed thereto is his genuine signature.

IN WITNESS WHEREOF, I have hereunto subscribed my name in my official character as such Judge, in the County and State aforesaid, this the ......3rd............. .................. day of .................... ..........................
..............JUNE9.......88

.................................................................................., JUDGE
of the County Court, Walker County, Texas

THE STATE OF TEXAS

I, ........................................... CLERK OF THE COUNTY

James D. Patton

COUNTY OF WALKER

COURT of the County of Walker, State of Texas, which Court is a court of records having a seal which is an-nexed hereto, do certify that.....................................................................................

Frank J. Robinson

whose name is subscribed to the foregoing Certificate of the due Attestation, was at the aforesaid subscribing, the same Judge of the County Court aforesaid, and was duly commissioned, qualified and authorized by LAW to execute the said Certificate, and I do further certify that the signature of the above named Judge of the said Certificate of due Attestation is genuine.

IN WITNESS WHEREOF, I have hereunto set my hand and annexed the seal of the County Court at my office in said County, this the........3rd................. ..................................... ................................... day of .........JUNE..., 19....88..

.....................................CLERK
County Court, Walker County, Texas

STATE'S EXHIBIT

RO - 21 —12c

MINUTES OF THE _____ Criminal _____ DISTRICT COURT _____ OF DALLAS COUNTY, TEXAS

No. C-74-5767-PH _____ October _____ Term, A.D. 19 74

THE STATE OF TEXAS

October 11, _____ A.D. 19 74

VS.

JERRY KEITH REED

## JUDGMENT

The defendant havng been indicted in the above entitled and numbered cause for the felony offense of _____
Burglary, as charged in the indictment _____ and this cause being this day called for trial, the State
appeared by her assistant Criminal District Attorney _____ Jay Ethington _____ and the Defendant Jerry Keith Reed
appeared in person and his counsel _____ Dalford Todd _____ also being present and both parties announced ready fo
trial, and the Defendant in person and in writing in open Court having waived his right of trial by jury, such waiver being with the consent ane
approval of the Court and now entered of record on the minutes of the Court and such waiver being with the consent and approval of th
Criminal District Attorney of Dallas County, Texas, in writing, signed by him, and filed in the papers of this cause before the Defendan
entered his plea herein, the defendant was duly arraigned and in open Court pleaded _____ Guilty _____ to th
charge contained in the indictment; thereupon the defendant was admonished by the Court of the consequences of the said plea and th
defendant persisted in entering said plea, and it plainly appearing to the Court that the defendant is mentally competent and that he i
uninfluenced in making said plea by any consideration of fear, or by any persuasion, or delusive hope of pardon prompting him to confess hi
guilt, the said plea was accepted by the Court and is now entered of record as the plea herein of the Defendant. The defendant in open Court, i:
writing, having waived the reading of the indictment, the appearance, confrontation, and cross-examination of witnesses, and agreed that th
evidence may be stipulated and consented to the introduction of testimony by affidavits, written statements of witnesses and any othe
documentary evidence, and such waiver and consent having been approved by the Court in writing and filed in the papers of the cause; and, th
Court having heard the Defendant's waiver of the reading of the indictment, the defendant's plea thereto, the evidence submitted, and th
argument of counsel, is of the opinion from the evidence submitted that the defendant is guilty as charged.

IT IS THEREFORE CONSIDERED AND ADJUDGED BY THE COURT, that the said Defendant is guilty of the felony offense c
Burglary, as charged in the indictment ,
and that the said Defendant committed said offense on the _____ 2 _____ day of November _____, 19 73 , and that he be punishe
by confinement in the Texas Department of Corrections for _____ 3 years _____, and that the State of Texas do have and recover of the sai
defendant all costs in this prosecution expended, for which execution will issue; and that said defendant be remanded to the Sheriff of Dalla
County, Texas, to await the further order of the Court herein.

## SENTENCE

THE STATE OF TEXAS
VS.

JERRY KEITH REED _____ No. C-74-5767-PH _____ October 11, _____ 19 74

THIS DAY this cause being again called, the State appeared by her Criminal District Attorney, and the Defendai
Jerry Keith Reed _____ appeared in open Court in person, his counsel _____ Dalford Todd _____
also being present, for the purpose of having sentence of the law pronounced in accordance with the judgment herein rendered and enter
against him at a former time, and thereupon the said Defendant was asked by the Court whether he had anything to say why said senter
should not be pronounced against him, and he answered nothing in bar thereof, and it appearing to the Court that the Defendant is menta
competent and understanding of the English language, the Court proceeded, in the presence of said Defendant, to pronounce sentence agai.
him, as follows:

IT IS THE ORDER OF THE COURT, that the said Defendant, who has been adjudged to be guilty of _____

Burglary, as charged in the indictment

'. and whose punishment has been assessed by the Court at confinement in the Texas Department of Corrections

3 years _____, be delivered by the Sheriff of Dallas County, Texas, immediately to the Director of the Texas Department
Corrections or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Texas Departmen.

Corrections for not less than 2 years, nor more than 3 years and until costs of
in accordance with the provisions of the law governing the Texas Department of Corrections, and the said Defendant is remanded to jail u
said Sheriff can obey the direction of this sentence.

It is further ADJUDGED and DECREED by this Court that the sentence pronounced herein shall begin this date, and that the Defene

is granted credit for time served beginning on date of March 16, 1974