COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| AMED A. MARTINEZ, | § | No. 08-06-00107-CR |
| Appellant, | § | Appeal from the |
| v. | § | 187th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| | § | |
| Appellee. | § | (TC# 2005-CR-1940) |
| | § | |

**O P I N I O N**

Amed Martinez appeals his conviction for Driving While Intoxicated, 3rd or more, enhanced to a habitual offender. Mr. Martinez was sentenced by the judge to 35 years' in prison. In his sole issue, Appellant challenges the admission of two exhibits, contending that they were not properly authenticated. We affirm.

On December 30, 2004, Appellant was arrested for driving while intoxicated after refusing to continue with the field sobriety tests being administered by Officer McCann. During the guilt/innocence stage of trial, he stipulated to two prior DWI convictions, and was found guilty by a jury of felony driving while intoxicated. Mr. Martinez elected to have punishment decided by the trial judge rather than the jury.

During the hearing on punishment, the State offered evidence of four misdemeanor convictions for DWI and two prior felony DWI convictions in addition to the two Mr. Martinez had stipulated previously. An affidavit establishing one of the prior felony DWI convictions for cause number CR96250 was admitted without objection as State's Exhibit 6. Another affidavit

to be used to prove the second prior DWI conviction for enhancement purposes for cause number 92-CR-4571 was offered but not admitted after Mr. Martinez objected that the affidavit stated a different cause number from the records attached to it.

The State called Robert Jimenez, an employee with the Bexar County Sheriff's Office records and identification section. His primary duties are as a fingerprint examiner. Mr. Jimenez testified that he had just fingerprinted Mr. Martinez, and then went on to identify the fingerprints presented to him in the State's exhibits as matching those of Mr. Martinez. Mr. Jimenez was handed State's Exhibit 17 and 18 for identification. He identified State's Exhibit 17 as a judgment that was stamped on each page by the Bexar County Clerk's Office. State's Exhibit 18 was identified as a judicial event log, which contains information regarding court activities and drop sheets. He explained drop sheets are records of incarceration that contain fingerprints, and are kept in the regular course of business at the Bexar County Jail. He testified that he is the custodian of records of the drop cards, and the fingerprints on them matched those he took of the defendant. The drop cards belonged to the judgment marked as State's Exhibit 17. The State offered the exhibits for admission, but were not admitted at the time based on Mr. Martinez's objection that the records were not self-authenticating and no one was present from the clerk's office to certify them as true and correct copies. The trial judge asked to see State's Exhibit's 17 and 18 while the testimony continued. The judge stated he needed to examine them to see if the records were self-authenticating since there was no testimony that Mr. Jimenez was the custodian of records. The judge said the records seemed to be self-authenticating, but the problem was there is no custodian of record. The State then informed the court that Mr. Jimenez had testified to being the custodian of record for the drop cards. The judge overruled Mr. Martinez's

objection to State's Exhibit 10, and then admitted State's Exhibits 17 and 18 into evidence. On cross-examination, Mr. Jimenez stated that he works for Bexar County Sheriff's Department and was not in possession of various court records or records from the Texas Department of Criminal Justice.

After the State and defense counsel rested, the judge questioned that the State had proved Mr. Martinez as a habitual offender. The State explained that State's Exhibit 17 was the second judgment of a felony DWI conviction, and State's Exhibit 18 linked Mr. Martinez to that conviction.

The trial court's ruling on the admissibility of evidence is reviewed under an abuse of discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). The appellate court must uphold the ruling if it was within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990). A document may be properly authenticated under either rule of evidence 901 or 902, and need not be authenticated under both. *Reed v. State*, 811 S.W.2d 582, 586 (Tex.Crim.App. 1991). Rule 902 provides for the self-authentication of certain public documents. Rule 902(4) states:

> A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule or complying with any statute or other rule prescribed pursuant to statutory authority.

TEX.R.EVID. 902..

Extrinsic evidence of authenticity is not required when the item offered into evidence is a certified copy of an official record or report. TEX.R.EVID. 902. Authentication is satisfied by

-3-

evidence sufficient to support a finding that the matter in question is what its proponent claims. TEX.R.EVID. 901(a). Rule 901(b)(1) provides for authentication by a witness with knowledge that the evidence is what it is claimed to be. TEX.R.EVID. 901(b)(1).

State's Exhibit 17 was offered to prove the second DWI conviction necessary for enhancement. Mr. Jimenez identified the exhibit as a judgment for a felony DWI conviction in cause number 92-CR-4571. A copy of an official record is self-authenticating when it is certified as correct by the custodian or other person authorized to make the certification. TEX.R.EVID. 902(4). The district clerk is the legal custodian of the originals on file in the convicting court. *Reed*, 811 S.W.2d at 584-85. Mr. Jimenez stated that each page had been stamped by the Bexar County Clerk's office. After initially sustaining the defendant's objection to the exhibit, the trial court asked to see the exhibit to determine whether it was self-authenticating or not. The court stated that it appeared to be self-authenticating, and then decided to admit the exhibit into evidence. In the record presented on appeal, State's Exhibit 17 is not stamped on each page by the Bexar County Clerk's office. The State contends the judgment is self-authenticating since Mr. Jimenez testified that the copy was stamped and certified by Bexar County Clerk's office. To be self-authenticating, the copy must be certified as correct by the custodian or other person authorized to make the certification. TEX.R.EVID. 902(4). We issued an order requesting the original exhibits to be sent to this Court. After reviewing the exhibit, it does contain a certification from the Bexar County Clerk's office on the back of each page. As such, the document is self-authenticating, and we find the documents in State's Exhibit 17 were properly admitted into evidence. TEX.R.EVID. 902(4).

Appellant also argues that State's Exhibit 18, a judicial record log and drop cards, was

improperly admitted. Mr. Jimenez testified that he worked at the Bexar County Sheriff's Office in the records and identification section as a fingerprint examiner. Mr. Jimenez testified he knew what the exhibit was, and in fact, identified the items in the exhibit. The records were kept in the regular course of business of the Bexar County Jail, and he is the custodian of records of the drop cards. The fingerprints on the drop cards in State's Exhibit 18 matched those of Mr. Martinez. The drop cards belonged to the judgment in State's Exhibit 17. Mr. Jimenez's testimony along with the trial court's examination of the contents of the exhibit, and the implicit determination that the document was what the State claimed it to be, satisfied the authentication requirement. Rule 901 does not require any particular standard of proof but instead requires only that the trial court be satisfied that the evidence is genuine. *Garner v. State*, 939 S.W.2d 802, 805 (Tex.App.-Fort Worth 1997, pet. ref'd). We find the court did not abuse its discretion in admitting the exhibits. Appellant's issue is overruled.

We affirm the judgment of the trial court.


April 30, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)

-5-