**Opinion issued March 19, 2015.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-01058-CR

————————————

**RANDY SULLIVAN SCHROETER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 70448**

---

## MEMORANDUM OPINION

A jury convicted Randy Schroeter of failure to register as a sex offender.[1] In

his sole issue, Schroeter contends that he received ineffective assistance of counsel

---

[1]     TEX. CODE CRIM. PROC. ANN. art. 62.102 (West Supp. 2014).

because his trial counsel failed to object to the authentication of four exhibits admitted into evidence by the State. We affirm.

## Background

In 1995, Schroeter was convicted of indecency with a child by contact.[2] Schroeter was required to register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. art. 62.002 (West 2006). Upon release, sex offenders must notify the State where they are living. TEX. CODE CRIM. PROC. ANN. art. 62.051 (West Supp. 2014). In 2013, Schroeter was arrested for failing to comply with this requirement.

During the guilt/innocence phase of Schroeter's trial, the State had the burden to show that Schroeter had a prior conviction requiring his registration as a sex offender. The State offered the 1995 judgment of conviction as State's Exhibit 6; it was admitted without objection.[3]

The jury returned a guilty verdict. During the punishment phase of the trial, the State offered three "pen packets"—records of Schroeter's previous convictions and incarcerations assembled by the Texas Department of Criminal Justice—as State's Exhibits 7, 8, and 9. The packets contained uncertified photocopies of court documents from Schroeter's various prior convictions. Each pen packet also

---

[2]     TEX. PENAL CODE ANN. § 21.11 (West 2011).

[3]     Schroeter asserts that State's Exhibit 6 was a photocopy, not the original document.

included an affidavit affirming the authenticity of the documents. The exhibits were admitted without objection.

The trial court pronounced Schroeter guilty and sentenced him to 25 years' confinement. Schroeter timely appealed. Schroeter contends that the 1995 judgment and the three pen packets were not properly authenticated and thus inadmissible. In one issue, he argues that his trial counsel's failure to object to each exhibit constitutes ineffective assistance of counsel.

## Standard of Review

We evaluate claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Under *Strickland*, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's unprofessional error, there is a reasonable probability that the result of the proceedings would have been different. *Id.* at 687–94, 104 S. Ct. 2064–68; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A defendant must establish both prongs by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). Failure to make a showing under either prong defeats an ineffective-assistance claim. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that his performance falls within the wide range of reasonable professional assistance and trial strategy. *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006); *Thompson*, 9 S.W.3d at 813. In determining whether there was a reasonable probability of a different result but for the ineffective assistance, we look for a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

## Failure to Object

To demonstrate that defense counsel's failure to object constitutes ineffective assistance, a defendant "must show that the trial judge would have committed error in overruling such an objection" if it had been asserted at trial. *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996). Schroeter argues that his trial counsel should have objected to Exhibits 6, 7, 8, and 9 as not properly authenticated.

Unauthenticated evidence is inadmissible. TEX. R. EVID. 901(a). Any proffered item of evidence may be authenticated under Rule 901 by "evidence sufficient to support a finding that the matter in question is what its proponent claims." *Id.* "[T]he trial court itself need not be persuaded that the proffered evidence is authentic." *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App.

4

2012). Rather, the proponent must persuade the court that he "has supplied facts that are sufficient to support a reasonable jury determination that the evidence he has proffered is authentic." *Id.* "Evidence may be authenticated in a number of ways, including by direct testimony from a witness with personal knowledge, by comparison with other authenticated evidence, or by circumstantial evidence." *Id.*

State's Exhibit 6 is a 1995 judgment convicting Schroeter of indecency with a child. The witness who sponsored the exhibit was a Brazoria County Sheriff's Department deputy assigned to monitor registered sex offenders, including Schroeter. She had met with Schroeter several times, was familiar with his case, and maintained a file on him. She testified that she recognized Exhibit 6 and identified it as "the original judgment for [Schroeter's] indecency with a child by contact charge."

Schroeter argues that Exhibit 6 is an uncertified photocopy and, thus, is not self-authenticating under Rule 902. *See* TEX. R. EVID. 902(4). Notably, the judgment does not appear defective or altered in any way. It includes the signature of the presiding judge and a filing stamp from the clerk of the court. The date of the conviction, the name of the accused, the listed offense, and other information in the judgment match other documentary evidence introduced at trial. The deputy's identification and the circumstantial and corroborative evidence sufficiently establish that the document is authentic under Rule 901. A document that satisfies

Rule 901 need not satisfy Rule 902 to be admissible. *Reed v. State*, 811 S.W.2d 582, 586 (Tex. Crim. App. 1991). Thus the trial court would not have erred by overruling a no-authentication objection, had counsel asserted one.

State's Exhibits 7, 8, and 9 are pen packets from the Texas Department of Criminal Justice containing uncertified copies of court records. Schroeter argues that the packets are not authenticated because the clerk of the court never certified the photocopies. However, the clerk's seal is not necessary for authentication. *See id.*; *see also* TEX. R. EVID. 901(b). Each pen packet included an affidavit from the Chairman of Classification and Records for the Texas Department of Criminal Justice's Correctional Institutions Division stating that "the attached information on [Schroeter] are true and correct copies of the original records now on file in my office . . . ." "The fact that the records are correct copies of those upon which TDCJID relies in admitting and detaining prisoners at the state correctional facility constitutes extrinsic evidence that the records are what the proponent claims them to be." *Reed*, 811 S.W.2d at 587. Additionally, Schroeter affirmed the accuracy of the pen packets' information during cross-examination. Thus the trial court would not have erred by overruling a no-authentication objection to the pen packets, had counsel asserted one.

## Conclusion

The decision not to object to the 1995 judgment or the pen packets did not constitute ineffective assistance of counsel. Accordingly, we overrule Schroeter's sole issue and affirm the judgment of the trial court.

Harvey Brown
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).