Opinion filed November 21, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00366-CR

_____

## LARRY SEGUNDO REYES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 14294**

## MEMORANDUM OPINION

The jury convicted Larry Segundo Reyes of the felony offense of failing to comply with sex offender registration requirements. Appellant entered a plea of true to the enhancement allegation, and the trial court assessed punishment at confinement for fifteen years and a fine of $3,000. In three issues on appeal,

Appellant complains that the trial judge was disqualified to hear this case, that the prosecutor engaged in prosecutorial misconduct, and that his trial lawyer provided him ineffective assistance of counsel. We affirm.

In 1995, Appellant was charged with unlawfully carrying a weapon while on licensed premises. The trial court ultimately deferred adjudicating his guilt for that offense and placed him on community supervision. Before Appellant successfully completed his period of community supervision, the State filed a motion to revoke Appellant's community supervision and to proceed to adjudication. The State alleged several violations: operating a motor vehicle with a suspended license, fleeing from a police officer, and sexually assaulting a child under fourteen. In 1999, the trial court revoked Appellant's community supervision and adjudicated his guilt on the original offense related to the weapon charge. Appellant pleaded guilty to aggravated sexual assault of a child under fourteen, and in accordance with a plea bargain, the trial court found him guilty and assessed his punishment at confinement for ten years.

Because of the sexual assault conviction, Appellant was required by law to register as a sex offender for life. Appellant committed the offense that is involved in this appeal when he failed to adhere to the sex offender registration requirements.

In his first issue, Appellant contends that the trial judge was disqualified because the trial judge was "'of counsel for the State' as the state's attorney in the underlying [conviction] requiring registration." He was also the prosecutor who prosecuted the weapons case that was used to enhance punishment.

The constitutional and statutory grounds for disqualification of a judge are mandatory and exclusive and may be raised at any time. TEX. CONST. art. V, § 11; TEX. CODE CRIM. PROC. ANN. art. 30.01 (West 2006); *Gamez v. State*, 737 S.W.2d 315, 318 (Tex. Crim. App. 1987). A judge is disqualified by statute from presiding

2

over any case "where he has been of counsel for the State." CRIM. PROC. art. 30.01. Similarly, a judge is disqualified under the Texas Constitution if he has "been counsel in the case." TEX. CONST. art. V, § 11.

Under these provisions, a judge is clearly disqualified if he "actively participated in the preparation of the case against the defendant." *Gamez*, 737 S.W.2d at 319. But the statutory and constitutional prohibition "against a judge hearing a case in which he has acted as counsel requires that he *actually have participated in the very case* which is before him." *Id.* (citing *Holifield v. State*, 538 S.W.2d 123 (Tex. Crim. App. 1976)). "A judge is not disqualified from sitting because he was counsel in other prosecutions against the accused, even if those prosecutions resulted in convictions which are alleged in the indictment for the purpose of enhancement of punishment in the event of conviction of the primary offense." *Id.* at 319 n.6.

Here, the trial judge was neither statutorily nor constitutionally disqualified because he was not "counsel in the case." The trial judge was the district attorney in 1999 when Appellant's guilt was adjudicated for the weapons offense and when Appellant was convicted of aggravated sexual assault of a child. The trial judge's role as district attorney in the underlying conviction requiring sex offender registration and his role in the conviction that was used to enhance punishment does not come within the meaning of "counsel in the case" as is constitutionally and statutorily prohibited. Appellant's first issue is overruled.

In his third issue, Appellant argues that the State committed prosecutorial misconduct because it was aware that the trial judge in this case was the district attorney in 1999. Appellant asserts, "By ignoring it, [the prosecutor] condoned the judge's choice to go forth with Mr. Reyes'[s] trial, and by condoning that action, he accepted the possible consequences." As discussed above, the trial judge was not disqualified. Appellant's third issue is overruled.

3

In his second issue, Appellant argues that, for multiple reasons, he was denied his Sixth Amendment right to effective assistance of counsel. To determine whether Appellant's counsel rendered ineffective assistance at trial, we must first determine whether Appellant has shown that his counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for his counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 694; *Hernandez*, 726 S.W.2d at 55. We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action could be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). An allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Appellant first contends that counsel's performance at trial was deficient because counsel failed to move to disqualify the trial judge based on his involvement in the prior cases. Because the trial judge was not statutorily or constitutionally disqualified, we cannot conclude that trial counsel's failure to object on these grounds fell below the reasonable standard of care.

Appellant next contends that trial counsel provided ineffective assistance when she did not object to the admissibility of the "pen packet" that contained both prior convictions. Appellant argues that the pen packet was not sufficiently authenticated because, although the pen packet itself was certified by the custodian

4

of records, "not all of the documents [in the pen packet] were certified" by the district clerk. Appellant cites *Dingler v. State* to support his proposition that each of the documents contained in the pen packet must be separately authenticated by the clerk of the convicting court. *See Dingler v. State*, 723 S.W.2d 806 (Tex. App.—Tyler 1987), *pet. dism'd*, 768 S.W.2d 305 (Tex. Crim. App. 1989). However, in *Reed*, the Court of Criminal Appeals overruled *Dingler* and concluded that a Texas Department of Criminal Justice Institutional Division record clerk's certification of the copies of the judgment is sufficient to authenticate the judgment of a prior conviction under TEX. R. EVID. 901. *See Reed v. State*, 811 S.W.2d 582, 584, 586 (Tex. Crim. App. 1991).

"The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX. R. EVID. 901. In *Reed*, the records clerk certified that the copies in the pen packet were "full, true and correct . . . cop[ies]." *Reed*, 811 S.W.2d at 587. The Court of Criminal Appeals held that "the TDCJID record clerk's certification of the pen packet copies of the judgment and sentence constitutes sufficient extrinsic evidence that the copies are authentic." *Id.* The court explained that, in addition, "[t]he fact that the records are copies of those upon which TDCJID relies in admitting and detaining prisoners at the state correctional facility constitutes extrinsic evidence that the records are what the proponent claims them to be." *Reed*, 811 S.W.2d at 587 (citing TEX. R. EVID. 901(a)).

Here, Vanessa Jones attested that she was the Chairman of Classification and Records for TDCJID and that she was "personally acquainted with the facts herein stated." Jones certified that the documents attached to her affidavit "are true and correct copies of the original records now on file in [her] office." Additionally, both of the judgments contained in the pen packet were certified by

5

the district clerk. We conclude that the TDCJID record chairman's certification of the pen packet constitutes sufficient extrinsic evidence that the copies are authentic. *See id.* Because the pen packet was sufficiently authenticated under Rule 901, trial counsel did not provide ineffective representation when she did not object on authentication grounds.

Appellant also argues that the affidavit is not sufficient as a business record affidavit and that the State failed to comply with the notice provisions required for a business record. Because we conclude that the pen packet was admissible under Rule 901, we need not assess its admissibility as a business record.

Appellant further maintains that trial counsel provided him with ineffective assistance when she did not object to the use of the prior conviction for enhancement purposes on the ground that the judgment does not reflect that Appellant waived his right to a jury trial. The State argues that such a recital is not necessary in this judgment because an accused is not entitled to a jury in a proceeding to adjudicate guilt. We agree.

When a judgment is attacked on direct appeal upon a claim that there is a missing recital that a jury was waived, a jury waiver cannot be presumed from a silent record. *Samudio v. State*, 648 S.W.2d 312 (Tex. Crim. App. 1983). But, when "collaterally attacked, the judgments reflecting those convictions are presumed to be regular, and the accused bears the burden of defeating that presumption." *Williams v. State*, 946 S.W.2d 886, 900 (Tex. App.—Waco 1997, no pet.). The burden is on the party collaterally attacking the validity of the conviction to show whether the record is indeed silent. *West v. State*, 720 S.W.2d 511, 519 (Tex. Crim. App. 1986). Although the judgment does not reflect that Appellant waived his right to trial by jury, Appellant did not introduce "all the papers" in the case to show "that no waiver was reflected in those records." *See id.*

6

We cannot, then, say that a failure to object on those grounds rendered trial counsel's representation ineffective.

Finally, Appellant argues that trial counsel was ineffective when she did not object to the admission of the prior conviction on the weapon charge. On appeal, Appellant reasons that the State did not give sufficient notice of its intent to use the prior conviction to enhance punishment.

A defendant is entitled to notice "in some form" prior to trial that the State intends to use a prior conviction to enhance punishment. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). The right to notice of the State's intent to offer evidence of prior convictions is rooted in due process. *Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006). The "Court [of Criminal Appeals] no longer requires that notice be provided by allegations in a charging instrument, nor does it require that it be given prior to trial." *Ex parte Parrott*, 396 S.W.3d 531, 537 (Tex. Crim. App. 2013). Indeed, if "a defendant receives notice after he has been convicted, his due-process rights are not violated as long as notice is sufficient to enable him 'to prepare a defense to them,' and he is afforded an opportunity to be heard." *Id.* (quoting *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010)).

Thirteen days before the trial in this case, the State filed its "Notice of Intent to Use Prior Convictions to Enhance Punishment." The notice reflected that the State would allege the following during the punishment phase:

> That on the 26th day of March, 1999, in the 29th District Court of Palo Pinto County, Texas, in Cause No. 10193, styled *The State of Texas vs. LARRY SEGUNDO REYES*, prior to the commission of the primary offense alleged in the indictment in this cause, the defendant in this cause was convicted of the felony offense of Unlawfully Carrying a Weapon While on Licensed Premises, and said conviction became final prior to the commission of the primary offense alleged in the indictment in this cause.

7

At the beginning of the punishment hearing, the prosecutor read the above paragraph to the trial court. We conclude that the State sufficiently gave notice of its intent to offer evidence of the 1999 conviction by filing its notice thirteen days before trial. Accordingly, trial counsel did not provide ineffective assistance of counsel when she did not object to this evidence. The failure to object does not constitute ineffective assistance of counsel if the evidence was not objectionable. *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992).

We have examined each of Appellant's ineffective assistance claims. None are well-taken, and Appellant's second issue is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


November 21, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J