

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JERRY DEAN BILLINGTON, | § | No. 08-12-00144-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 297th District Court |
| THE STATE OF TEXAS, | § | |
| | § | of Tarrant County, Texas |
| Appellee. | § | |
| | § | (TC#1222427D) |

## **O P I N I O N**

Jerry Dean Billington appeals his conviction of the third-degree felony offense of driving while intoxicated (DWI). *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West 2011). In his sole issue on appeal, Appellant contends the trial court erred in overruling his objections to the State's admission of two pen packets during the punishment phase of trial. We affirm.

### BACKGROUND

On December 1, 2010, Police Officer Richard Lukowsky of the Azle Police Department was driving on Boyd Road in Tarrant County, Texas when he pulled behind a white pickup truck. When Officer Lukowsky ran the truck's license plate he learned the registration was expired. Officer Lukowsky followed the vehicle and saw the driver commit a traffic violation.

He then pulled the vehicle over and made contact with the driver.[1]

Officer Lukowsky described Appellant as having bloodshot and watery eyes. He also smelled a moderate odor of alcohol on Appellant's breath. Appellant stated that he was going to a bar, that he had consumed a six-pack of beer after work, and that he had purchased beer on his way to the bar. Officer Lukowsky administered field sobriety tests on Appellant.

Appellant failed the horizontal gaze nystagmus test and refused to perform the walk-and-turn and the one-leg stand tests. Appellant was also asked to perform an alphabet test and counting test. Appellant failed both tests and was subsequently arrested. A mandatory blood draw showed Appellant had a blood alcohol concentration of 0.14 which was over the legal limit of 0.08.

Appellant was indicted for DWI with felony repetition. The indictment included a habitual offender notice paragraph alleging that Appellant had been previously convicted of two offenses of felony DWI in 1998 (Wise County cause number 10862) and 1992 (Montague County cause number 91-07-0061M-CR). After a jury trial, Appellant was found guilty of the charged offense. At punishment, the jury found the allegations in the habitual offender notice of the indictment to be true and assessed punishment at thirty-five years' imprisonment. This appeal followed.

## DISCUSSION

### Admissibility of Pen Packets

In a single issue, Appellant contends the trial court reversibly erred and abused its discretion when it overruled his objections to the admission of State's Exhibits 10 and 12, two pen packets, during the punishment phase of trial. Specifically, he argues the exhibits should

---

[1] At trial, Officer Lukowsky identified Appellant as the driver of the vehicle.

not have been admitted because the State was unable to match the fingerprints in those exhibits to Appellant and thus, the exhibits were not properly authenticated under Texas Rules of Evidence 901 and 902.

*Standard of Review and Applicable Law*

We review a trial court's decision regarding the admissibility of evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex.Crim.App. 2010); *McDonald v. State*, 179 S.W.3d 571, 576 (Tex.Crim.App. 2005). A trial court abuses its discretion when its decision lies "outside the zone of reasonable disagreement." *Walters v. State*, 247 S.W.3d 204, 217 (Tex.Crim.App. 2007). We affirm the trial court's decision if it falls within the zone of reasonable disagreement. *Moses v. State*, 105 S.W.3d 622, 627 (Tex.Crim.App. 2003).

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex.Crim.App. 2007); *Beck v. State*, 719 S.W.2d 205, 210 (Tex.Crim.App. 1986) ("It is incumbent on the State to go forward and show by independent evidence that the defendant is the person so previously convicted."). Pen packets are admissible to show a defendant's prior criminal record if they comply with either Rule of Evidence 901 or 902. *Reed v. State*, 811 S.W.2d 582, 586 (Tex.Crim.App. 1991). The certification of pen packets by the record clerk of the Texas Department of Criminal Justice, Institutional Division (TDCJID) is proper authentication under Rule of Evidence 902(4). *Id*. at 587. To determine whether there was a prior conviction and whether the defendant was the person convicted, the fact finder looks at the totality of the evidence admitted. *See Flowers*, 220 S.W.3d at 923; *Goode v. State*, No. 02-10-00465-CR, 2011 WL 4502333, at *2 (Tex.App. – Fort Worth Sep. 29, 2011, pet. ref'd) (mem. op., not designated for publication).

3

*Application*

At punishment, Deputy Paul Rojas, the State's fingerprint expert, testified he took Appellant's prints earlier that day. Rojas was unable to make a comparison of the fingerprints contained in Exhibit 10 because they were either too dark or too light. Rojas was also unable to match the fingerprints in Exhibit 12 to Appellant's known prints because they were too dark and distorted. However, Rojas testified that Exhibits 10 and 12 contained other identifying information. Rojas then connected Appellant to Exhibits 10 and 12 by comparing those exhibits to the identifying information contained in Exhibit 9, another pen packet which was admitted into evidence and proven through fingerprint testimony.

In particular, Rojas testified that Exhibits 10 and 9 contained the same DPS number, Appellant's name, and date of birth. In addition, Rojas compared Exhibit 10 with Exhibit 7, a certified copy of Appellant's driver's license record, and stated that both exhibits contained the same offense and conviction dates and listed the same county. Rojas further testified that Exhibits 12 and 9 contained the same date of birth and the same tattoos or marking descriptions. According to Rojas, those same markings and date of birth were also contained in Exhibit 11, another pen packet which was previously admitted and proven with fingerprint testimony. Appellant argues the exhibits should not have been admitted and allowed to be considered by the jury in assessing punishment because the State was unable to match the fingerprints contained in Exhibits 10 and 12 with his known prints. Appellant claims that although Exhibits 10 and 12 "were matched with identifying information contained in other exhibits, none of that information contained photographs and no one testified that a photograph of the Appellant matched to any other photograph for visual confirmation of identity." The State responds the admission of Appellant's two prior convictions was not error because he was sufficiently linked to Exhibits 10

4

and 12 through his name, date of birth, photographs, identification number, "and/or" handwriting.

While it is well established that a prior conviction may be proven by certified copies of a judgment and a sentence and authenticated copies of pen packets including fingerprints, supported by expert testimony identifying them as identical with known prints of the defendant, there are several methods the State may use to show that a defendant is the same individual convicted in a pen packet. *See Beck*, 719 S.W.2d at 209. The State may link the defendant to a prior conviction in a number of different ways, including (1) an admission or stipulation by the defendant, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish the existence of a prior conviction and the defendant's identity as the person convicted. *Flowers*, 220 S.W.3d at 921-22. These methods are not exclusive. *See, e.g.*, *id*. at 922 ("Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction."); *Littles v. State*, 726 S.W.2d 26, 32 (Tex.Crim.App. 1987) (op. on reh'g) (identity in one conviction may be proved by connecting it to information contained in another prior conviction that has been proven through fingerprint testimony).

The record shows that a total of six prior convictions were offered and admitted into evidence. Exhibits 9 and 11, pen packets, and Exhibits 13 and 14, judgments and sentences, were connected to Appellant through fingerprint testimony. The pen packets at issue here, Exhibits 10 and 12, are accompanied by signed affidavits with the State of Texas seal, certifying that the attached information relates to Appellant, the records are true and correct copies, and that the documents are self-authenticating pursuant to Rules of Evidence 901 and 902.

Therefore, the pen packets satisfy the Texas Rules of Evidence for authentication and certification. *See Reed*, 811 S.W.2d at 587 (holding certification of pen packets by TDCJID record clerk constitutes proper authentication under Rule of Evidence 902(4)).

Exhibits 10 and 12 contain copies of judgments and sentences with Appellant's name, photographs, and fingerprint cards listing Appellant's name, date of birth, and other identifying information. On the signature line of the fingerprint cards the signatures read: "Jerry Dean Billington Jr." Despite Deputy Rojas' inability to match the fingerprints in Exhibits 10 and 12 with Appellant's known prints, the State proved Appellant's identity in those exhibits by connecting it to information contained in other exhibits which were linked to Appellant through fingerprint testimony. Appellant's identity in Exhibit 10 was connected to Exhibit 9, a pen packet, by showing that both exhibits contained Appellant's name, date of birth, and the same DPS number. Exhibit 12 was also linked to Appellant through Exhibits 9 and 11 by showing that the exhibits contained the same identifying information including Appellant's date of birth and the same scars, tattoos, or markings.

We note the falsity of Appellant's assertion that the other exhibits used to connect Appellant to Exhibits 10 and 12 did not contain photographs. The record reflects that Exhibits 7, 9, and 11, the exhibits the State used to link Appellant to the prior convictions in Exhibits 10 and 12, contain photographs. Moreover, the photographs in Exhibits 7 and 9 contain Appellant's name. Exhibit 7, a certified copy of Appellant's driver's record, contains other identifying information including his date of birth and physical description. Moreover, Exhibits 10 and 12 contained photographs for the two prior convictions which the jury could compare to Appellant's appearance during trial. *See Yeager v. State*, 737 S.W.2d 948, 952 (Tex.App. – Fort Worth 1987, no pet.) (holding jury is qualified to make such a comparison with no need for

opinion testimony concerning photographs). In addition, as pointed out by the State, the jury could have made a comparison of Appellant's signature contained in Exhibits 10 and 12 with any of the signatures contained in the other exhibits. *See Pachecano v. State*, 881 S.W.2d 537, 545 (Tex.App. – Fort Worth 1994, no pet.) (stating that even if fingerprint cards in pen packet were deficient, entire packet would not be inadmissible where packet identified appellant convicted and jury could have compared his photograph with his appearance in courtroom, and compared his signature in the pen packet with his signatures on the other two sets of his fingerprints); *see also Meek v. State*, No. 03-05-00269-CR, 2006 WL 2080644, at *3 (Tex.App. – Austin Jul. 28, 2006, no pet.) (mem. op., not designated for publication) (stating that jury could engage in signature comparison to determine appellant was person convicted in pen packets and explaining that State need not present expert testimony regarding handwriting comparison because jury was capable of making such comparison).

Based on the totality of the evidence admitted, we conclude there was sufficient evidence to prove beyond a reasonable doubt that Appellant was connected to State's Exhibits 10 and 12 despite the State's inability to connect the convictions contained in those exhibits by way of fingerprint testimony. *See Littles*, 726 S.W.2d at 32 (identity in one conviction may be proved by connecting it to information contained in another prior conviction that has been proven through fingerprint testimony); *Flowers*, 220 S.W.3d at 921-22 (expressing that although there is no specifically required document or mode of proof to prove a prior conviction, State may meet its burden by documentary proof containing sufficient information to establish the existence of a prior conviction and the defendant's identity as the person convicted). Thus, the trial court did not abuse its discretion by admitting Exhibits 10 and 12 during the punishment phase of trial. *Martinez*, 327 S.W.3d at 736; *McDonald*, 179 S.W.3d at 576. Issue One is overruled.

7

**CONCLUSION**

The judgment of the trial court is affirmed.


                                        GUADALUPE RIVERA, Justice

February 19, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

8